CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v.
HENRY G. WELLS.

*Railroads—Negligence—Injury to Stock—Crossings—Failure to Signal
—Evidence—Instructions—Pleading.*

1. A plaintiff is confined to the acts of negligence specified in his decla-
ration, and it is error to instruct the jury that he may recover for other neg-
ligence.

2. The mere omission to ring the bell or sound the whistle as required
by statute, does not subject a railroad company to damages on account of a
collision at a highway crossing. It is only where the collision is the result
of the omission that damages can be recovered.

3. In an action brought to recover from a railroad company for the
killing of horses and injury to a wagon at a crossing, the declaration count-
ing on a common law liability, this court holds that there is no merit in
plaintiff's contention that because of the offering by counsel for the defend-
ant of a certain instruction, he tried the case upon the theory that the
declaration counted upon a statutory liability; that the jury were improperly
instructed touching the statutory duty of defendant, and that the judgment
for the plaintiff can not stand.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Bureau County; the
Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. KENDALL & LOVEJOY, for appellant.

Messrs. SCOTT & DAVIS, for appellee.

HARKER, J.   This was an action in case to recover damages for killing two mares and demolishing a wagon at a highway crossing by a train of cars operated by appellant's servants.

The negligence charged against the company in the declaration was a failure to give warning of the approach of the train by ringing a bell or sounding a whistle, or otherwise, before reaching the crossing, and to slacken the speed of the train while appellee was approaching the crossing where the collision occurred.

In addition to the alleged negligence of appellant's servants, the conduct of appellee on the occasion was a very important feature of the trial, and there was a sharp conflict in the testimony touching his exercise of ordinary care.   Inasmuch, however, as the judgment will be reversed because of error in the giving of instructions, and the cause will be remanded for another trial, we shall refrain from expressing any opinion upon the conduct of appellee or the merits of the controversy.

The declaration counted upon a common law and not a statutory liability.   There was no charge of negligence in omitting to ring a bell or sound a whistle continuously for a distance of eighty rods before reaching the crossing.   Neglect to perform that statutory duty was not in issue under the pleading, and yet by appellee's first instruction the attention of the jury was especially called to that duty, and they were told that an omission of the company's servants in charge of the train to ring a bell or sound a whistle continuously for the distance of eighty rods before reaching the highway crossing in question, constituted a *prima facie* case of negligence on the part of the company, and that the plaintiff could recover provided they believed from the evidence that such omission was the cause of the injury and the plaintiff was at the time in the exercise of ordinary care.

Such an instruction would be proper only in a case where the declaration charged as negligence an omission to ring a bell or sound a whistle continuously for the distance of eighty rods before reaching the crossing.

A plaintiff is confined to the acts of negligence specified in his declaration, and it is error to instruct the jury that he may recover for other negligence.   C., B. & Q. R. R. Co. v. Bell, 112 Ill. 365; W., St. L. & P. R. R. v. Coble, 113 Ill. 119.

It is contended, however, that the case was tried upon the theory that the negligence complained of was omission to perform the statutory duty, and because that counsel for appellant made no effort to reach any alleged defect or uncertainty in the declaration by demurrer, that no objection was made to the testimony offered by appellee, showing no signal given until the locomotive was within four rods of the crossing, that appellant introduced testimony showing that the bell was rung continuously for the distance of eighty rods before reaching the crossing, and because that appellant's twentieth instruction told the jury that it was the duty of the servants of the company to ring a bell on the locomotive eighty rods from the crossing, and to keep the same ringing until the crossing was reached, appellant can not now take advantage of the defect in appellee's first instruction.

Appellant's counsel have complained of no defect in the declaration; counting upon a common law liability it was not obnoxious to a demurrer.

The testimony offered by appellee to the effect that no warning of the approach of the train was given until the locomotive was within four rods of the crossing, was proper under the declaration, and an objection to it would have availed appellant nothing.   To meet that testimony it was proper to show that a warning was given before the locomotive was within four rods of the crossing; that warning was given continuously during the time the train was traversing the distance of eighty rods or more.

Appellant's twentieth instruction did not, as counsel for appellee contend, tell the jury that it was the duty of the servants of appellant to ring a bell on the locomotive eighty rods from the crossing, and to keep the same ringing until the crossing was reached.   It should be borne in mind that by his pleading appellee sought a recovery because of the

C., B. & Q. R. R. Co. v. Wells.

reckless manner in which the train was managed; that in part proof thereof he introduced testimony to show that the first warning given of the approach of the train was the shrill whistle of the locomotive, made within four rods of the team, and after it had started upon the railroad track, and that appellant had met that testimony by showing that the whistle of the locomotive was *not* the first warning, but that warning was given for the distance of eighty rods or more by the continuous ringing of the bell. In such condition of the pleadings and the proofs, an instruction telling the jury that if they believed, from the evidence, that warning of the approach of the train was given by a continuous ringing of a bell on the locomotive for a distance of eighty rods, and that the servants of the company used reasonable care in running the train, and used all reasonable means to prevent the locomotive from striking the team and wagon, there could be no recovery, was proper. Such was appellant's twentieth instruction, and because offered by the counsel it can not be said he tried the case upon the theory that the declaration counted upon a statutory liability.

Appellee's second instruction, in addition to being subject to the same objection as the first, is further objectionable in that it told the jury that if the plaintiff was in the exercise of ordinary care he could recover if the statutory signals were not given. The mere omission to ring the bell or sound the whistle as required by statute, does not subject a railroad company to damages on account of a collision at a highway crossing. It is only where the collision is the result of the omission that damages can be recovered. C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 514; T. P. & W. Ry. Co. v. Jones, 76 Ill. 314.

We see no other error of the court either in giving or refusing instructions. For error in giving appellee's first and second instructions the judgment will be reversed.

*Reversed and remanded.*