## Louisville & Nashville Railroad Company v. Anna M. Pirschbacher.

1. ADMISSIONS—*In Instructions.*—Where, in an action against a railroad company for killing domestic animals, the defendant in the instructions given in its behalf used the term "plaintiff's team," it was held to be an admission that the team was the property of the plaintiff, sufficient to sustain the verdict on the question of proof of ownership.

2. SPECIAL INTERROGATORIES—*When Not Error to Refuse.*—It is not error to refuse a special interrogatory, the answer to which would be merely evidential and not of ultimate facts.

3. VERDICT—*Must be Supported by the Evidence.*—Where the evidence in an action against a railroad company, for killing horses, shows that such killing was not the result of the causes set forth in the declaration, the recovery can not be sustained.

4. RAILROADS—*Duty at Highway Crossings.*—A railroad company is not required, in approaching highway crossings outside of cities and villages, to slacken the speed of its trains below their usual speed.

L. & N. R. R. Co. v. Pirschbacher.

Trespass on the Case, for killing domestic animals.   Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.   Heard in this court at the August term, 1895.   Reversed and remanded.   Opinion filed March 7, 1896.

J. M. HAMILL, attorney for appellant.

WILLIAM WINKELMAN, attorney for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit to recover damages for the value of her two horses alleged to have been killed, and her wagon alleged to have been demolished and destroyed by the negligence of appellant in failing to ring the bell or blow the whistle attached to the engine, at least eighty rods before, and continue ringing or blowing until the engine and train reached the Carlyle road crossing. And that appellant so carelessly conducted said engine and train on its approach to said crossing by not slackening, and not giving warning as aforesaid, of the approach of said engine and train to plaintiff's servant while he was driving across said crossing, that in consequence thereof her said property had been destroyed. It is insisted by and on behalf of appellant there was no proof made that the horses and wagon were the property of appellee. But witness Jacob Hart was asked, " You have heard the talk about this team of Mrs. Pirschbacher, now tell the jury what you know about them." The witness in his answer testified that he went down to place of accident the next morning after it occurred, and saw the team, and found out where it belonged and appraised it. Felix Schwartz also testified he was next neighbor to Mrs. Pirschbacher and knew the team. In addition to this evidence, the defendant in several of the instructions given on its behalf, used the term " plaintiff's team," and thus admitted the fact that the team was her property.

The special interrogatories which defendant asked the court to require the jury to return with answers thereto,

were interrogatories the answers to which would be mere evidential and not ultimate facts, and it was not error to refuse to give the same to the jury. But we are not satisfied the evidence sustained the averments that defendant failed to give the warning signals as required by the statute. And by reason of the failure to do so, the team and wagon were destroyed.

The evidence of the engineer and fireman was that the bell was rung continuously for the distance of at least eighty rods, and plaintiff's son, who was driving the team, testified it was not rung. Two other witnesses testified they did not hear the bell rung, but they were so located that they probably would not have heard the sound if the bell was ringing. But the driver of the team also testified he saw the train as it approached the crossing, a short time before the accident. And when the team and wagon were forty or fifty feet away from the crossing, that he was trying to stop the team when he first saw the train, and stopped them, and then the whistle of the engine was blown and that frightened the team and it rushed forward to the track and thus caused the collision and injury complained of.

The accident, it thus appears, was not the result of a failure to give the statutory warning signals. These are intended to inform one that a train is approaching. But the driver saw this train and thus had such information. The night was dark and the engineer, as his duty required him to do, was looking along the track in front of the train, and did not see the team until it rushed upon the track when he at once reversed the engine and applied the air brake to stop the train and avoid the accident.

It thus appears that if it be conceded the statutory signals were not given, the other material averment that such failure caused the accident, was not proven. Under a like state of fact our Supreme Court in T. W. & W. Ry. Co. v. Jones, 76 Ill. 312, has held no recovery could be had. But it is also averred that the defendant by its servants carelessly conducted said engine and train on its approach to said crossing, by not slackening its speed, and that caused the injury.

The crossing was a public highway, outside of a town or city, and the engineer was not required by law to slacken the speed of the engine on approaching it, below the usual speed of such trains.    T. W. & W. Ry. Co. v. Jones, *supra*, and many other cases in our Supreme Court, hold such to be the law, and there were no circumstances appearing, at the time this engine was approaching the crossing, making it necessary to slacken the speed.

The sound of the whistle which frightened the team was made for a crossing, and it was done as a necessary duty, and was not a negligent act.

We find no evidence of the negligence charged, in managing or conducting said train, and no evidence justifying the verdict.    Reversed and remanded.