## P. R. FORE, Appellant, v. CHICAGO & ALTON RAILWAY COMPANY, Respondent.

### Kansas City Court of Appeals, November 6, 1905.

1. **MASTER AND SERVANT: Negligence: Sectionman: Dangerous Position.** Where a sectionhand voluntarily puts himself in a dangerous position when and where he has no right to be and must know the company does not anticipate his presence, he is guilty of contributory negligence.

2. ———: ———: ———: ———. On the evidence it is held that an engineer in charge of an engine on a passing track could not have anticipated that a sectionman would place himself in the position of peril complained of in time to have averted the danger, and negligence is therefore not to be imputed to the master.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*Wm. Aull* and *Alexander Graves* for appellant.

(1) In considering the instructions in the nature of a demurrer to the evidence, every reasonable intendment in favor of the plaintiff must be drawn and the

evidence offered in his behalf must be regarded as absolutely true. Gratiot v. Railroad, 116 Mo. 466; Kenny v. Railroad, 105 Mo. 285. (2) The violation of such ordinances being negligence *per se*, it logically follows that actions for damages for their violation may be based thereon. Jackson v. Railroad, 150 Mo. 643; Murrell v. Railroad, 105 Mo. App. 93; Keim v. Railroad, 90 Mo. 321. (3) Nothing in the evidence tends to prove that plaintiff was at all negligent in failing to discover the approach of the passenger train, there being no bell rung nor whistle sounded thereon. Gessley v. Railroad, 32 Mo. App. 418, citing also Railroad v. Goebel, 1 West. (Ill.) 691. (4) Considering all the facts and circumstances shown by the evidence quoted and referred to in the statement *ante,* there is absolutely no ground to support the claim in the answer that plaintiff assumed the risk of injury as being incident to the employment. Blanton v. Dold, 109 Mo. 75. (5) Nor can the defendant be excused on the ground of accident if the evidence quoted and referred to tends to prove that the injury was the combined result of accident and defendant's negligence. Vogel v. West Plains, 73 Mo. App. 591.

*Richard Field* and *Scarritt, Griffith & Jones* for respondent.

(1) Whether or not the statutory road crossing signals were given at the time in question is immaterial in this case for plaintiff was not a traveler upon the highway, nor was he upon a road crossing at all. He could not therefore plead and rely upon the neglect of such duty by defendant. Bell v. Railroad, 72 Mo. 50; Melton v. Railroad, 99 Mo. App. 282; Evans v. Railroad, 178 Mo. 508; Dahlstrom v. Railroad, 96 Mo. 99; Christy v. Railroad, 12 S. E. (W. Va.) 1111. (2) There is not a particle of evidence that the escaping steam from the freight engine as it started up was due to any negligence whatever. It was not shown that there was any

defect in the engine or anything wrong or even unusual in its operation. It is not shown that the escaping steam was unnecessary or avoidable under the conditions existing. There is no pretense that the steam was discharged upon the plaintiff intentionally. Wendall v. Railroad, 100 Mo. App. 556. (3) In order to rely upon a breach of a speed ordinance as negligence *per se* the same must be specially pleaded. This plaintiff failed to do. Another sufficient answer is that this ordinance was not admitted in evidence and the action of the lower court in excluding same is not assigned as error in appellant's record and brief. (4) The burden was upon the plaintiff to prove by competent evidence that the speed in excess of six miles an hour was the proximate cause of the injury. Moore v. Railroad, 176 Mo. 528; Kelley v. Railroad, 75 Mo. 138; Hudson v. Railroad, 101 Mo. 13; Holman v. Railroad, 62 Mo. 564; Breen v. Cooperage Co., 50 Mo. App. 202. (5) The proximate cause of plaintiff's injury was, on his own testimony, unquestionably his own conduct in stepping backward onto the main track immediately in front of the passenger train when he knew that the main track was there and that trains passed upon the same frequently, and when he must have known that the passenger train was due or past due, for it was his duty as a section hand to know, and he admits that he knew the hour the train was due, and had seen this freight train waiting there on the passing track, without other apparent purpose than to meet the passenger train, some twenty or thirty minutes. (6) It is for the court, not the jury, to consider and pronounce the legal conclusion flowing from the admitted or ascertained facts. Evans v. Railroad, 178 Mo. 508; Davies v. Railroad, 159 Mo. 1; Maxey v. Railroad, 113 Mo. 1; Moore v. Railroad, 176 Mo. 528.

BROADDUS, P. J.—Plaintiff's suit is to recover damages alleged to have been sustained as the result of defendant's negligence. On the 2nd day of July, 1903,

plaintiff with other laborers in the employ of the defendant was engaged at work on defendant's track within its switch limits near the station house in the town of Blackburn. Main street runs north and south through the town and defendant's station house is situated on the west side thereof. Defendant has three tracks south of its depot, which intersect said street. One of these is the main, one a passing, and the other a switch track. On the occasion in question, a freight train from the west pulled onto the passing track to await a westbound passenger train, which was behind schedule time. It stopped west of said street. While it was stationary, the plaintiff, who was under the supervision of a foreman and who was engaged at work on the passing track west of said street, continued his labor of tamping material under the end of the ties until he got up near the engine of the freight train, and, while he was so engaged, the passenger train approached from the east. When it arrived at about opposite the freight engine, the engineer started up his train, which had the effect of throwing off steam against plaintiff, who stepped backward until he was near the main track, when he was struck by the engine of the passenger train and injured.

It was shown that the distance between the passing track and the main track was six feet and eleven inches.

There was evidence tending to show that the passenger train neither sounded the whistle, nor rang the bell; that its speed was about twelve miles an hour; that such speed was in excess of the rate prescribed by an ordinance of the town; and that plaintiff did not know that the said train was late, as he had no timepiece, although he knew when it was scheduled to arrive. The ordinance regulating the speed of train within the town limits was excluded by the court. Other evidence pertaining to the issues raised will be noted in the progress of this opinion. The court sustained a demurrer to plaintiff's case as made by his evidence, from which action of the court he appealed.

The plaintiff seeks to recover upon the following allegations, to-wit: The act of defendant in stopping its freight train at the place where plaintiff was engaged in his work; the failure of the engineer in charge of the west-bound passenger train to ring the bell or sound the whistle in approaching the crossing of Main street; in approaching the station within the limits of the town in excess of the rate of speed prescribed by ordinance, and the act of the engineer in suddenly ringing the bell and starting the engine in motion, and discharging hot steam against plaintiff's person.

The passing track, upon which the freight train entered, was 1,430 feet in length, of which 930 feet laid on the west side of said Main street, and upon which part the freight train was standing when the passenger train approached the station. It is contended that it was the duty of the engineer to have carried his train across Main street before stopping so as to be away from where plaintiff was engaged at work and that his failure to do so 'was negligence. It is true that had the engineer placed his train on the east side of the street, the injury to the plaintiff would not have occurred, but we fail to see that there was any negligence in his so doing. From aught that appears in the record, it was a proper act, and it does not appear to have been the approximate cause of plaintiff's injury. It is not reasonable to suppose that the engineer anticipated under the circumstances that plaintiff would be endangered thereby.

We cannot see that the failure of the engineer of the west-bound passenger train to ring the bell or sound the whistle has any bearing on the question of negligence, as the plaintiff was not on the track at the crossing of Main street. It is therefore useless to discuss the question raised by defendant that it owed no duty to plaintiff, he being in its employ, to give the statutory warning to the approach of said street crossing; nor do we perceive that the rate of speed the passenger train was going at the time caused plaintiff's injuries.

Whether said train was going slow or fast, the injury would have been inflicted. It was the act of the plaintiff stepping backward against a moving train that brought him in contact with it, and not its rate of speed that caused the injury.

The only and real question for consideration is whether the sudden starting of the freight engine and the escape of steam thereby against the person of plaintiff, while he was engaged at work at the end of the ties nearby, was such an act of negligence as entitled the plaintiff to recover. The plaintiff was a man twenty-nine years of age and had had several months' experience as a workman in a section gang on defendant's railroad tracks. His testimony was that, while the freight engine was stationary, he was working on the track near the engine; that, when the engineer rang the bell and started the engine, he stepped back to be out of the way; that at the time he started to step back he was within eight inches of the locomotive, using his pick; that the engine was discharging steam all the time it was stationary, but, when it started, the steam was discharged from the cylinder cocks with such terrific force that it encircled him, and that in stepping back the second time to get away from the hot steam he came in contact with the moving passenger train and was injured. He also stated that the ringing of the bell and the starting of the train were simultaneous. Plaintiff testified that he did not see the approaching train, and heard no ringing of the bell or sound of the whistle.

The defendant contends that the plaintiff in stepping so close to the main track as to be within reach of the passing train without looking was the approximate cause of his injury, and therefore precluded his right to recover.

In a recent case, the Supreme Court holds that, "Where a section hand voluntarily puts himself in a dangerous position on the track at a time and place when and where he has no right to be, and when he must know

that the railroad company does not require or anticipate his presence there, the injuries received are the result of his own lack of common prudence." [Evans v. Railroad, 178 Mo. 508.] "If the law exacts of a traveler upon the highway the duty of looking and listening, *a fortiori* it demands of an employee, familiar with the uses and dangers of a switch yard, that he look before he steps upon a track, upon which his daily experience teaches him a train, or an engine, may pass at any moment." [Loring v. Railroad, 128 Mo. 359.] If the foregoing rules should be applied to this case, the plaintiff was not entitled to recover, but, as plaintiff stated that he did not have time to look before he got near enough to the main track to be struck, perhaps the rule should not be applied, if his statement to that effect should be worthy of credit. As the rapidity of sight is incalculably greater than that of action, his statement in that respect has no probative force.

But passing that by, in what particular can the defendant be charged with negligence? The defendant's engineer in ringing the bell and starting the engine, as shown, was not guilty of negligence. It was not shown in so doing that he acted contrary to usual custom. And it is reasonable to suppose that, when the engine started, there was an increased discharge of steam. But it is insisted that it was negligence on the part of the defendant because it was discharged against plaintiff so as to scald his legs. In other words, that the engineer should have been on the lookout for plaintiff and prevented the occurrence. But we think not. The plaintiff was not on the track in front of his engine and he had the right to assume that plaintiff was free from danger so far as his train was concerned. It is not shown that he caused the steam to be discharged against the plaintiff or that he could have prevented it, had he known that plaintiff was within its reach, as it escaped automatically when the engine was in motion. As the engineer could not have anticipated that plaintiff would place himself

in peril, or that he was actually in peril, in time to have averted the danger, negligence is not to be imputed to the defendant.  [Evans v. Railroad, supra.]

The action of the court in sustaining defendant's demurrer to the evidence was proper.  Affirmed.  All concur.