Statement of the Case.
NICHOLLS, J.
Plaintiff Mel-loway Laborde, aided, assisted, and anthorized by her husband, Leonce Dauzat, in her behalf, and' Leonce Dauzat, in his own behalf, alleged that the defendant, the Louisiana Railway &. Navigation Company, is indebted unto petitioner for the sum of $5,000, with interest, for this:
That the track or railroad of the defendant company crosses at right angles a public road or traveled highway in said parish of Avoyelles, leading from a village known as Echo,, to another village or settlement called Belledeau; that at about the hour of 9 o'clock on the morning of August 15, 1904, this petitioner was driving two gentle and well-broken horses harnessed to a buggy, and was proceeding along said highway towards Echo; that seated with her in the vehicle were belfo ur small children; that she was unfamiliar with said public road, and ignorant of the-exact location of said public crossing; that no signboard, signal, or other mark or sign serving to indicate the place of said public crossing was shown or displayed thereat; that the approach from the west of trains on. *50 the track of the defendant company running in the direction of said public .crossing was concealed by a deep cut or embankment from the view of persons advancing along the highway towards said crossing; that petitioner drove over said railroad track at said crossing at the hour above mentioned, and immediately after she had passed said crossing, and was not distant from said railroad track more than five feet, a locomotive and train of cars going east and belonging to said defendant company and in charge of its employes rushed past with so great noise and uproar, made in such near proximity to this petitioner’s team, that her horses became frightened and unmanageable; and petitioner, in an effort to save herself and her children, whose safety and lives were greatly endangered, alighted from the buggy, and in attempting to control said horses and prevent them from running away was struck in the breast and on the left side of her body by the hoofs of one of said animals with such great force and violence that petitioner was dashed to the ground, rendered unconscious, and suffered therefrom serious and permanent injuries.
Petitioner further averred that no warning or signal of the approach of said train to said public crossing was given by sounding the whistle or ringing the bell of the engine; and petitioner averred that she was lured into danger without any fault or negligence on her part, and sustained the injuries above mentioned solely by reason of the gross negligence of said defendant company in failing to have a signboard placed at said public crossing as required by law, and by the flagrant and reckless conduct and culpable negligence of the engineer or person or persons in charge of the management of said engine and train in failing to give any warning or signal of the approach of said train to said public crossing.
Plaintiff further averred that prior to the time she was hurt at said railroad crossing as hereinabove set forth she was in good' health, but by reason of the aforesaid injuries-, she was confined to her bed for two weeks under the care of physicians and in a condition of constant and acute pain, that her-nervous system is completely deranged, and her health permanently impaired, all of which* has caused her damages in the aforesaid sum of $5,000.
And petitioner Leonce Dauzat showed that the said defendant company was indebted unto him in the full sum of $50, together with interest thereon at the rate of 5 per cent, perannum from judicial demand until paid, being costs of medicine, medical services, and. nursing incurred by him in consequence of said injuries to his said wife, the aforesaid petitioner.
And petitioner also prayed for costs and for general relief.
Plaintiffs, on April 28, 1905, filed am amended and supplemental petition in which* they alleged that the accident described in said original petition wherein this plaintiff was injured as averred in the original petition happened on the 23d day of August, 1904, as alleged in said original petition; that the locomotive and train mentioned in said original petition as having frightened the-horses driven by the said plaintiff was moving west, instead of east, as averred in said original petition; that the approach from the east of the trains on the track of the defendant company running in the direction of' the public crossing is concealed by a deep cut or embankment from view of persons advancing along the highway towards the said crossing, instead of the approach from the-west of such trains as alleged in said original petition. Reiterating all other allegations made and contained in said original petition, these plaintiffs pray for judgment and relief as in said original petition set out.
Defendant, after filing exception of no-cause of action, answered plaintiff’s petition,, pleading first a general denial of all the al *52 legations thereof. Further answering, it averred that if the plaintiffs suffered any injury it was through no fault of defendant, or its eruployés, but through the negligence and fault of plaintiff.
Defendant prayed that the plaintiffs’ suit be dismissed, at their cost, and for general relief.
On April 28th defendant filed an amended answer, reserving all rights under its bills of exceptions taken to the ruling permitting the amending by plaintiffs of their pleadings, and adopted all the averments of its original answer and again pleaded a general denial, and specially averred that if the plaintiffs suffered any injury it was through no fault of defendant or its employes, but through the negligence and fault of the plaintiff.
And, adopting the prayer of its original answer, defendant again prayed that the demand of the plaintiffs be rejected, and their suit dismissed, at their costs, and for general relief.
The district court rendered judgment in favor of plaintiff Melloway Laborde, wife of Leonce Dauzat, in the full sum of $500, together with interest, and in favor of plaintiff Leonce Dauzat for $35, with'interest; defendant to pay all costs of suit to be taxed.
Defendant appealed, and plaintiffs asked in this court for judgment increasing amount of damages.
Opinion.
Plaintiff was not injured while in the act of crossing the defendant’s track in her buggy at the intersection of the public road (along which she was driving) with defendant’s track, which there crossed the road. She reached and crossed the track, and was a few feet beyond the track, when a train belonging to and operated by the defendant company in the conduct of its ordinary business passed along the track in the rear of the buggy. The passing of this train behind the buggy seems to have more or less frightened the horses attached to the buggy plaintiff was driving, and, becoming apprehensive that the horses would back into the train in the rear, plaintiff got down from the buggy and seized one of the horses by the bit in order, as she testified, to prevent their doing so, when one of them at once pawed or kicked her in the side, rendering her immediately unconscious. Plaintiff had with her in the buggy she was driving three of her own children and a small brother. How long the plaintiff remained unconscious does not appear; but when she recovered consciousness the children had all gotten down from the buggy, which was still in the position it was when the horse kicked her. The horses did not run away, nor did they back into the train, as she had feared they would. The plaintiff recovered sufficiently to re-enter the buggy with the children and drive for assistance to a house in the neighborhood, where she remained several days under treatment for the kick she had received. The question which is submitted to us is whether the plaintiff is entitled to recover damages from the defendant company for the injury which she received from the kick of the horse under the circumstances stated. Plaintiff seeks to bring into the case as factors bearing upon the situation the fact that the defendant company had placed no signboard along the public road, announcing that the public road would, just beyond, cross defendant’s tracks, and the fact that the train did not whistle as it approached the crossing; but we think these two facts have no bearing upon the events which led to the litigation. The plaintiff unquestionably knew when she crossed the track that she was at a railroad crossing. She attempted to make and made the cross-, ing in safety. She was not in any error when she crossed the track, and no collision occurred on the crossing. The object of the whistling of the trains near crossings is to prevent collisions on the crossings. In this *54 case, as no such collision occurred, the injuries received by the plaintiff are not chargeable to the neglect to whistle. The injuries received by the plaintiff were the result of a woman apparently of nervous organization, thrown into a situation to which she was not accustomed, losing her nerve and becoming unnecessarily alarmed as to what the horses she was driving might do, and led on the strength of apprehensions which were not warranted into doing an act which resulted in personal injury to. herself. We think it fairly appears from the evidence that, if the plaintiff had remained in the buggy and retained the reins in her hands, the horses could have been easily controlled.
The defendant company cannot be made to respond in damages for plaintiffs’ belief that such was not the fact, no matter how honest she may have been in her opinion on that subject. It may be well to say that nothing occurred on defendant’s train, while passing along its track in rear of the buggy, which would give to its passage any exceptional feature.
Under the evidence adduced on the trial we do not think the judgment appealed from ean be sustained.
Eor the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed, and that the demands of the plaintiff be, and the same are hereby, rejected, with costs in both courts.