9309

TYLER v. ATLANTIC COAST LINE R. CO.

(88 S. E. 541.)

1. TRIAL — INSTRUCTIONS — APPLICABILITY TO EVIDENCE. — In an action against a railroad for the death of a man walking on the track, where the railroad contended that he was crossing a trestle, which was denied by the plaintiff, a charge that if a man of ordinary prudence would not attempt walking the trestle without stopping, looking and listening before entering thereon, it was the duty of the deceased to have done so, was proper.

2. RAILROADS—INJURIES TO PERSON ON TRACK—INSTRUCTIONS—DUTY OF FIREMAN.—Where the evidence, in an action for the death of a pedestrian on a railroad track, showed that it was the duty of the fireman to keep a lookout when not otherwise engaged, but further showed that the fireman had been otherwise engaged, and as soon as he finished he looked out and saw deceased and at once gave warning to the engineer, but it was too late to stop the train, it was not error for the Court to confine its charge to the negligence of the engineer.

3. TRIAL—INJURIES TO PERSON ON TRACK—INSTRUCTIONS—FAILURE TO GIVE CROSSING SIGNALS.—Where there was no evidence that a pedestrian on a railroad track was using a public crossing as such, or that the place of injury was a public crossing or traveled place, it was not error for the Court to fail to charge the law of Civ. Code 1912, sec. 3222, as to signals at public crossings.

4. RAILROADS—INJURIES TO PERSONS ON TRACK—EVIDENCE—FAILURE TO GIVE CROSSING SIGNALS.—In an action for the death of a pedestrian

on a railroad track, evidence of the failure to give the statutory signals at near-by public crossings is admissible to show recklessness.

5. Trial — Instructions — Assumption of Facts. — In an action for injuries to a pedestrian on a railroad track, a charge that the law imposes on every person the duty of observing due care for his own safety when about to cross a railroad trestle or other place of obvious danger, was not erroneous as assuming that the trestle was a place of obvious danger, where the Court distinctly stated more than once that he would not say it was a place of such danger.

6. Railroads—Injuries to Persons on Track—Instructions—Duty of Licensee.—In an action for injuries for the death of a pedestrian on a railroad track, a charge that it was the duty of a man using a railroad track as a walkway, where the public are accustomed to walk, to use it in recognition of the fact that the railroad has a prior right and he must get out of the way of the train, was not erroneous as placing upon a licensee the duty to look out for himself imposed on a trespasser.

7. Railroads—Injuries to Persons on Track—Instructions—Duty of Licensee—Crossing Trestle.—In an action for the death of a pedestrian on a railroad track, a charge that it was the duty of deceased to look and listen before attempting to cross a trestle is erroneous.

8. Appeal and Error—Harmless Error—Instructions—Inadvertent Statement.—In an action for the death of a pedestrian on a railroad track, where the Court had charged that whether it was the duty of one about to enter on a railroad trestle first to look and listen depends on whether a person of ordinary prudence would do so, a statement by the Court, in refusing one of twenty requests to charge, that it was the duty of deceased to look and listen before attempting to cross the trestle, was clearly inadvertence and cannot be supposed to have influenced the jury where appellant did not notice it and call attention to it.

9. Railroads—Injuries to Trespasser—Duty of Railroad.—A railroad company owes a trespasser, not merely the duty not to injure him wantonly after notice that he is on the track, but also the duty not to injure him by such gross negligence as indicates a reckless disregard of human life.

10. Trial—Instructions—Assumption of Facts.—In an action for the death of a pedestrian on a railroad track, a charge that the jury should take into consideration the posting of the trestle did not assume that the trestle was posted.

11. Trial—Instructions—Cure of Error.—If such instruction was error, it was not prejudicial, where the jury was charged that even if the trestle was posted, the deceased was not a trespasser if the railroad acquiesced in a disregard of the notice.

12. Railroads—Injuries to Person on Track—Instructions—Duty of Company.—In an action for the death of a pedestrian who was not

on the public highway or traveled place, the Court could not, in answer to a request by the jury, state what signals the engineer should have given, since that was a question for the jury.

13. RAILROADS—INJURIES TO PERSONS ON TRACK—BURDEN OF PROOF— WILFULNESS.—In an action for the death of a pedestrian on a railroad track, where deceased was contributorily negligent, the plaintiff must prove wilfulness by a preponderance of the evidence.

Before PRINCE, J., Marion, Spring term, 1915. Reversed.

Action by Pearly Tyler, as administrator of the estate of Marsden Tyler, deceased, against the Atlantic Coast Line Railroad Company and another. Judgment for the defendants, and plaintiff appeals.

*Messrs. L. M. Gasque* and *A. F. Woods,* for appellant, cite: *As to licensees:* 61 S. C. 556; 90 S. C. 335. *Testimony presented issue for jury:* 68 S. C. 483; 61 S. C. 556; 90 S. C. 263; 90 S. C. 331; 91 S. C. 548; 92 S. C. 171; 93 S. C. 339; 93 S. C. 551; 97 S. C. 66; 101 S. C. 8. *Evidence of recklessness:* 93 S. C. 342 and 551; 101 S. C. 8. *Punitive damages:* 75· S. C. 290; 93 S. C. 342. *Construction of charge:* 70 S. C. 79; 87 S. C. 193; 93 S. C. 57; 75 S. C. 309. *Duty of defendant:* 61 S. C. 556; 33 Cyc. 836; Ann.· Cas. 1912c, 310; 57 S. C. 208, 209; 64 S. C. 117. *Crossing signals:* 52 S. C. 323; 58 S. C. 70; 76 S. C. 368; 90 S. C. 263; 91 S. C. 548; 95 S. C. 206; 99 S. C. 290. *Contributory negligence:* 94 S. C. 257. *Trespasser on track:* 61 S. C. 559. *Issue for jury:* 76 S. C. 63; 71 S. C. 156. *Charge on facts:* 63 S. C. 507; 83 S. C. 328; 84 S. C. 568; 91 S. C. 216; 30 S. C. 218; 86 S. C. 379; 91 S. C. 541; 72 S. C. 392, 393. *Trespassers:* 90 S. C. 262; 70· S. C. 183. *Remarks granting nonsuit:* 95 S. C. 206; 80 S. C. 383; 10 S. C. 360; 73 S. C. 383; 81 S. C. 374. *Contributory negligence an affirmative defense:* 72 S. C. 392; 101 S. C. 398.

FOOTNOTE.—As to liability of railroads for injury to person other than servant on railroad bridge or trestle, see note in — A. & E. Ann. Cas. 1914d, 1210.

*Messrs. M. C. Woods* and *L. D. Lide* cite: *As to proximate cause:* 58 S. C. 222; 81 S. C. 112; 94 S. C. 145; 78 S. C. 80; 34 S. C. 451; 86 S. C. 106; 97 S. C. 428. *Trespassers on track:* 57 S. C. 243; 63 S. E. 46. *Remarks on motion for nonsuit:* 74 S. E. 363.

March 4, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for death by wrongful act. The deceased, Marsden Tyler, was night watchman, at the Marion County Lumber Company's Mills, near Marion, in this State. On the morning of the 12th of March, 1914, the deceased left the mills to go to his home in Marion, about 6:30 o'clock. There was a roadway near the railroad track. There was much travel between the mills and Marion, and, while some used the road, many walked along or upon the railroad track. The deceased was using the railroad that morning, and was struck by the regular passenger train to Marion. There were three trestles on the railroad, and the body of the deceased was found near one of the trestles, variously estimated at from 5 to 20 feet beyond the trestle. The plaintiff claims that the deceased was struck after he had crossed the trestle, and the defendant claimed that the deceased was struck while on the trestle. The record shows that it was raining, and that the front windows of the cab of the engine were covered with mist, so that neither the engineer nor his fireman could see the track ahead of them. The record further shows that the engineer and fireman could look out of the side windows, but only for a short time, as the pelting of the rain hurt the eyes. The fireman did look out of his window and saw the deceased on the track, but the engine was just about to strike him, and it was too late to stop in time to save him. There was evidence that no signals were given at a near-by public crossing; that the station signal was not given, and that no other warning

was given except that offered by the approaching train itself; and that the track was straight. This action was brought for negligence, and also for a wilful injury, in causing the death of the deceased.

There are 19 exceptions, but they may be grouped.

1. The error complained of in the first exception is a charge on the facts in the use of the following language:

"Now, I charge you in this case, if you find that a man of ordinary reason and prudence would not attempt walking the trestle in question without stopping, looking, and listening before entering on the trestle, then it was the duty of the deceased to have done so."

This exception cannot be sustained. His Honor charged the law in regard to the duty of a man crossing a railroad track, and a man crossing a trestle. There was contention by the defendant that the deceased was struck while on the trestle, and it was his Honor's duty to state the rule applicable to that finding, if the jury found that the deceased was struck on the trestle. That is the clear meaning of this portion of the charge.

2. The second and third exceptions complain of error in the charge to the jury in that his Honor confined the negligence to the negligence of the engineer; whereas, it might have been the negligence of the fireman. The record shows that it is the duty of the fireman to keep a lookout when not otherwise engaged. It further shows that the fireman had been otherwise engaged, and as soon as he had finished he went to his place and, being prevented by an act of God from seeing through the front window, put his head out of the side window, and at once gave warning to the engineer. The Carter case, 93 S. C. 342, 75 S. E. 952, is cited as authority. The Carter case is not authority here for the reason that the record in that case showed that the fireman saw the deceased in time to have prevented the killing and did not notify the engineer until it was impossible to prevent the injury. In the case at bar, the only negligence

alleged, or of which there is any evidence, is the negligence of the engineer. These exceptions cannot be sustained.

3. The fourth and fifth exceptions complain of error in the failure of his Honor to charge the law as laid down in section 3222 of the Code of Laws, vol. I, as applicable to this case. It is true that, in order to show recklessness, 3, 4 it is proper to show the engineer did not give the statutory signals at near-by public crossings. There was no evidence to show that the deceased was using a public crossing as such, or that the place of injury was a public crossing or traveled place within the meaning of the statute. The law in regard to a public crossing, therefore, was irrelevant, and would have been confusing. These exceptions are overruled.

4. The sixth and seventh exceptions complain of error in the charge that his Honor charged that contributory negligence was a complete defense to the plaintiff's suit. Contributory negligence is a complete defense to negligence, and it is clear from the charge that contributory negligence was not allowed by his Honor as a defense to wilfulness, but only to negligence. These exceptions are overruled.

5. The eighth exception complains in the following charge:

"The law imposes on every capable person the duty of observing due care for his own safety, when about to cross the railroad track, a railroad trestle, or other place of obvious danger."

It is claimed that "other place of obvious danger" was by inference a statement that a trestle was a place of obvious danger. Whatever may be inferred from the use of these words elsewhere does not apply to this charge. His Honor said distinctly, more than once, that he would not say that such place (trestle) is a place of obvious danger.

The eighth and ninth exceptions are combined in appellant's argument, and both are overruled.

6. As to the tenth exception, appellant states the principal objection to this charge is that his Honor placed upon a licensee the duty to himself owed by a trespasser. His Honor said:

"So it is the duty of a man using a railroad track as a walkway, where the public are accustomed to walk, to use it in recognition of the fact that the railroad has a prior right and he must get out of the way of the train."

Appellant adds, "In other words, he must look out for himself." Appellant has misconceived the charge. What the charge meant was that, while a licensee may have the permission to walk on the track, yet it is not the duty of the railroad company to stop the train so that the licensee may continue his walk, but the duty of the licensee to step aside and let the train go by. This exception is overruled.

7. The eleventh exception complains of error in his Honor's charge, when, in response to the defendant's ninth request, his Honor said that it was the duty of the deceased to look and listen before attempting to cross the trestle. This ninth request was a long one, and it was manifest that it was inadvertence on his Honor's part, as he had, in response to the defendant's sixth request to charge, distinctly stated that that was not the law. His Honor said:

"Whether it is the duty of one about to enter upon a railroad trestle to first look and listen depends upon whether or not a person of ordinary prudence in the circumstances would look and listen."

There were 20 requests to charge. His Honor repudiated the doctrine clearly, and unmistakably. If this statement stood alone, it would be reversible error; but it does not. This Court has held before that where there is an erroneous statement in the charge of the presiding Judge, and that statement is clearly inadvertent, it is the duty of appellant to call attention to it, if he noticed it. If he did

not, then it cannot be supposed to have influenced the jury. This exception is overruled.

8. The twelfth exception complains of error in the charge that:

"The only duty the defendant owed to a trespasser was not to injure him wantonly, wilfully, or recklessly, after notice that he is on the track."

This is not in accord with the case of *Woodward* v. *Railway,* 90 S. C., page 266, 73 S. E., page 80, where this Court says:

"The rule of law generally applicable in such case is that the railroad company owes to a trespasser on its track the duty of so operating its trains as not to injure him wantonly or by such gross negligence as indicates a reckless disregard of human life."

This exception is sustained.

9. The thirteenth exception is overruled.    Appellant says:

"His Honor instructed the jury to take into consideration the posting of the trestle, thus assuming that the trestle was posted, which fact was very strongly contradicted in the testimony."

This merely means that the jury must take into consideration the matter of posting.    That they had the right to do. It could have done no harm in any event, because his Honor told the jury, even if the trestle was posted, yet if the railroad acquiesced in a disregard of the notice, the deceased was not a trespasser.

10. The fourteenth and fifteenth exceptions are considered together.    The foreman of the jury asked if the railroad engineer had the right to run through the mill quarter without blowing the whistle or ringing the bell.    His Honor replied:

"I cannot tell you in so many words what he had the right to do in any particular place."

So far as it applied to this case, the statement was correct. As was said above, the deceased was not struck on a public

highway or traveled place (within the statute), which he was using as such. What signals, if any, shall be given at other places, is for the jury.

11. The sixteenth and seventeenth (the eighteenth is omitted) refer to questions that affect the immediate trial, and, as the case has to go back for a new trial, anyway, need not be considered.

12. The nineteenth exception is as follows:

"His Honor erred in charging the jury that it was necessary for plaintiff to prove wilfulness, wantonness, or recklessness by the preponderance of the testimony in order that the defense of contributory negligence might be defeated; it being respectfully submitted that, 'while the jury might not have found that there was a preponderance of the testimony in favor of the plaintiff on this issue, contributory negligence in an affirmative defense, and on that issue the defendant must make out its defense by the preponderance of the testimony and show that its defense was available.'"

This exception cannot be sustained. The plaintiff must prove his case by the preponderance of the testimony. He is just as much bound to prove wantonness as he is bound to prove negligence. The duty of the defendant to prove an affirmative defense by the preponderance of the testimony cannot relieve the plaintiff from proving his case.

13. The defendant also appeals on the ground that there was no evidence of negligence or wilfulness and his Honor should have directed a verdict for defendant. These exceptions are also overruled. There was evidence to carry the case to the jury on both issues. This is all this Court should say.

The judgment is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MESSRS. JUSTICES HYDRICK and GAGE dissent.