ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* CONGER.

Opinion delivered November 25, 1907.

RAILROAD—INJURY TO STOCK—PROXIMATE CAUSE.—Where a horse, grazing upon a railroad company's right-of-way, became frightened by the escape of steam from the engine, ran into a barbed wire fence on the right-of-way, and was injured, the owner can not recover, although the trainmen neglected to give the statutory signals on approaching a nearby crossing, as such neglect had no connection with the animal's injury.

Appeal from Greene Circuit Court; *Frank Smith,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. The burden was on the plaintiff to show that the injury occurred within one year next before the commencement of suit. 70 Ark. 598.

2. This case falls within and is controlled by the rule announced in *Railway* v. *Ferguson,* 57 Ark. 16. The construction of a wire fence on appellant's right of way near a public crossing, and the existence of a pond of water near it, do not enter into this case as elements of neglect, nor tend to show negligence on appellant's part. Failure to ring the bell or sound the whistle would not render the company liable in this case. 43 Am. & Eng. R. Cas. 510; 99 N. Y. 25.

*Huddleston & Taylor,* for appellee.

HILL, C. J. At the station of Marmaduke there is a public road crossing the track of the railroad company about forty yards south of the depot; and about 75 yards north of the depot is a stockguard, where a winged wire fence crosses the railroad track. Running along the east side of the track for 150 yards north of the depot is a pond of water on the right of way.

Conger's mare was grazing along the track about half way between the station and the stockguard, and was disturbed by a freight train going north. She got upon the railroad track and run along in front of the train for 30 or 40 yards when, getting near the stockguard and being frightened by the discharge of steam from the engine, she left the track, and ran into the wire fence, and was injured. Conger has recovered judgment for $50 on account thereof, from which judgment the railroad company has appealed.

Conger's testimony showed that the only whistles or signals given by the engine were for the road-crossing, and that they were not kept up the time and distance required by the statute for road crossings. When the mare was running in front of the train, the engineer turned on steam to frighten her off the track. Whether the train slowed up while in the race with the mare is a matter of dispute in the evidence. The failure to give the statutory signals for the road crossings, or the stock signal, had nothing to do with the mare running into the fence. The object of signals is to notify people and animals that the train is coming. When they have that knowledge from their senses, the signals cease to be factors. There is no causal connection between the failure to keep the bell ringing or the whistles sounding and the injury to the mare. The discharge of steam from the engine to frighten the mare from the track was proper. Had the engineer failed to do this, and the mare stayed upon the track, the company would have been liable for failure to use ordinary care to have prevented the injury.

The water pond and the winged crossing fence were matters that the company could indulge in if it desired, for they were upon its own land, and were not inherently harmful.

If precedent is needed for the result reached herein, it may be found in a full discussion of the questions involved in *Rail-Way Company* v. *Ferguson,* 57 Ark. 16.

Judgment is reversed, and the cause dismissed.