12228

McBRIDE v. ATLANTIC COAST LINE RAILROAD CO.

(138 S. E., 803)

1. RAILROADS—WHETHER TRAIN MIGHT HAVE BEEN STOPPED IN TIME, AND WHETHER FAILURE TO KEEP LOOKOUT WAS PROXIMATE CAUSE OF INJURY, HELD FOR JURY.—In action against railroad for injuries when struck by train while attempting to cross track, evidence relative to whether train might have been stopped in time to avert accident, and whether failure to keep proper lookout was proximate cause of injury, *held* for jury.

2. RAILROADS—SUBMITTING ISSUE WHETHER INJURY TO PERSON ON RAILROAD TRACK OCCURRED AT "TRAVELED PLACE" HELD ERRONEOUS UNDER EVIDENCE.—In action against railroad for injuries to plaintiff when struck by train while attempting to cross track, submitting issue of whether place where injury occurred was a "traveled place" within meaning of statute requiring signals, *held* erroneous under testimony failing to show that public or plaintiff had acquired any legal right to travel where alleged injury occurred.

3. STATUTES—QUESTION INVOLVING CONSTRUCTION OF STATUTES MUST BE DECIDED WITH REFERENCE TO STATUTORY PROVISIONS.—Question involving construction of statutes must be decided with reference to provisions of statute, and cases decided on general principles of law not involving statute do not control.

4. RAILROADS—RAILROAD'S FAILURE TO GIVE STATUTORY SIGNALS AT CROSSING IS PRESUMED PROXIMATE CAUSE OF INJURY (CIV. CODE 1922, § 4925).—When a person is injured by collision of engines or any car or cars of railroad corporation at crossing and railroad failed to give signals required by Civ. Code. 1922, § 4925, presumption arises that failure to give signals was proximate cause of injury, which presumption merely establishes a *prima facie* case which may be overcome.

NOTE: On liability of railroads for neglect of statutory duty as to signals at crossings, see annotation in L. R. A., 1915-E, 533; 22 R. C. L., 999.

Before Wilson, J., Sumter, July, 1925.   Reversed.

Action by Joseph McBride against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals.

The exceptions on which defendant appealed are as follows:

"(1) The trial Court erred in refusing to direct a verdict for the defendant on the ground that the plaintiff was the author of his own injury, since the testimony showed that plaintiff approached and went upon the track of the defendant, conscious of his physical infirmities, without exercising his senses of sight and hearing, when the slightest exercise of same would have disclosed the approaching train.

"(2) The trial Court erred in failing to direct a verdict for the defendant since there was entire failure of proof of any negligence on its part that could operate as a proximate cause of the injury.

"(3) The trial Court erred in refusing to direct a verdict for the defendant on the ground that the only reasonable inference to be drawn from the entire testimony was that plaintiff on this occasion was guilty of gross contributory negligence and willfulness, since, conscious of his physical infirmity, he deliberately walked on the tracks of the defendant in front of an approaching train, which he could and should have seen by the exercise of slightest care.

"(4) His Honor erred in refusing to direct the jury on behalf of the defendant there could be no recovery of punitive damages since there was not sufficient evidence of willfulness or wantonness to warrant submitting said issue to the jury.

"(5) The trial Court charged the second and third requests of the plaintiff and commented thereon, as follows: (2) ' "Where the defendant violates the requirements of the statute as to ringing the bell or sounding the whistle, and a person is injured by its locomotive while crossing a highway, street or traveled place it will be presumed that

such negligence caused the injury, unless the testimony shows that the injury was caused in some other manner." You see, that is only a presumption; that presumption can be done away with by proof that it wasn't the proximate cause. Though, if it is shown that the bell did not ring or the whistle did not blow, the presumption will be that that caused the injury but that is only a presumption, gentlemen, and notwithstanding the fact that the bell or whistle did not sound, it must be shown it was done by some other reason. It is a presumption and can be done away with by proof. I charge you further: (3) "Where the statutory signals are not given, and an injury occurs, there is a presumption that the failure to give the signals is the proximate cause of the injury." I charged you that, and charge you again; I can repeat; that is only a presumption, and the proof may show that the neglect to do those things was not the cause of the injury.'

"This constituted error since the failure to give the statutory signals while negligence *per se* does not give rise to a presumption that such failure is the proximate cause of the injury.

"(6) His Honor erred in charging plaintiff's fifth request to charge and commenting thereon as follows: ' "I charge you that it is a question for the jury in this case to determine whether or not the locus of the injury was a publicly traveled place." I charge you that. You have heard the evidence about this path and so on, and it is for you to say under all the evidence whether that was a traveled place or not'—since there was not sufficient evidence that the point at which plaintiff was injured constituted a crossing or a traveled place within the terms of that statute."

*Messrs. Douglas McKay* and *Reynolds & Reynolds,* for appellants, cite: *Failure to give statutory signals, unless a proximate cause of the injury, does not justify recovery:* 34 S. C., 444; 78 S. C., 374; 67 S. C., 347; 289 Fed., 945;

11 Fed. (2d), 22. *Plaintiff, to recover, must show that he was either on or adjacent to track in a condition of obvious disability which should have been observed by those operating train in time to stop the same:* 57 S. C., 243; 94 S. C., 143; 85 S. C., 355; 34 S. C., 292; 98 S. C., 292. *Gross contributory negligence as a matter of law:* 67 S. C., 347; 119 S. C., 438; 120 S. C., 370. *In order for a place to constitute a traveled place pursuant to the signal statute, the public must have acquired a legal right in same:* 34 S. C., 444; 127 S. E., 447; 97 S. C., 423; 34 S. C., 299; 41 S. C., 20; 47 S. C., 375; 59 S. C., 429; 63 S. C., 494; 57 S. C., 205; 64 S. C., 546; 104 S. E., 186. *No presumption that failure to give statutory signals caused collision:* 47 S. C., 105; 47 S. C., 375; 58 S. C., 322; 94 S. C., 143; 104 S. E., 542; 65 S. C., 229; 73 S. C., 254; 83 S. C., 325; 78 S. C., 374; 114 S. E., 500; 90 S. C., 281; 122 S. E., 864.

*Messrs. M. M. Weinberg* and *M. A. Wilder,* for respondent, cite: *When facts submitted to jury:* 47 S. C., 375; 101 S. C., 8; 117 S. E., 510; 121 S. C., 402; 91 S. C., 201; 90 S. E., 260; 125 S. E., 34; 119 S. E., 245; 99 S. C., 284; 55 S. C., 528. *Failure to give statutory signals presumption of negligence arises:* 47 S. C., 375; 84 S. C., 125; 104 S. E., 541.

June 28, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On or about October 22, 1922, the plaintiff, who was in the Town of Remini, S. C., while attempting to cross the defendant's track, was hit and severely injured by one of its trains. This action was brought for damages alleged to have been suffered by him, as the result of defendant's alleged negligence and willfulness.

The complaint sets out that the plaintiff was subject to fits of an epileptic nature, and that he fell with one of these fits while crossing the track of the defendant; that although

he was in plain view of the agents of the defendant, the defendant drove its train upon and over him while he was in this helpless condition; and that where the plaintiff attempted to cross the defendant's track was a publicly traveled place, known to defendant to be such, and that upon approaching same the defendant negligently and willfully failed to give the required statutory signals.

The defendant denied all the material allegations of the complaint. It also interposed the plea of contributory negligence and willfulness on the part of the plaintiff, in going into a place of danger, with full knowledge of his physical deficiencies, alleging that such acts of the plaintiff were the proximate cause of the injury complained of.

At the close of all the testimony, the defendant's motion for a directed verdict was overruled by the Court, and the jury found for the plaintiff in the sum of $1,450.

The defendant appeals to this Court by six exceptions, which will be reported. Error is imputed to the trial Judge in three particulars: (1) Error in refusing to direct a verdict for the defendant upon the grounds stated in the first four exceptions; (2) error in charging the plaintiff's second and third requests to charge and commenting thereon as complained of by exception 5; and (3) error in charging plaintiff's fifth request to charge and commenting thereon as complained of by Exception 6.

We shall consider the defendant's first four exceptions together. These exceptions impute error to the trial Judge in refusing to direct a verdict for the defendant on the grounds: (1) That the plaintiff brought about the injuries complained of by his own acts; (2) that there was a failure of proof of any actionable negligence on the part of the defendant; and (3) that the plaintiff was guilty of such gross contributory negligence and willfulness as to bar recovery.

In considering these exceptions it will be necessary to briefly review the testimony.

The plaintiff testified that he lived about three miles from Remini, and that on the day mentioned he went to Remini to sell beef; that the colored cook with the trestle force of the defendant called to him to bring some beef to the cook shanty, "which was situated in a box car on a side track across the main line," opposite the depot; that the public crossing was about 75 yards north of the depot; that he went over to the shanty car by way of a path used by the employees of the defendant or by anybody who had business at the cook shanty, and that the path led to the shanty car and no further; that he was subject to epileptic fits, and that while returning from the shanty car he was taken by one of these fits, and while in this condition, not knowing, hearing or seeing anything, he was hit by the defendant's train upon its track where the path crossed same.

The testimony of the plaintiff and the testimony of the defendant apparently agree that the path which the plaintiff was using at the time of the accident led from the depot to the shanty car on the defendant's right of way and no further, and that it had been used for a number of years by the members of the public having business at the shanty car, particularly for the sale of provisions, etc.

There was testimony on the part of the defendant that the statutory signals were given; that the train was approaching the depot and could be seen at a great distance from that point; and that the plaintiff went on the track in front of the approaching train without taking any precautions for his own safety and was hit while so walking across the track.

While the testimony in the case was meager, it tended to show that the plaintiff approached the track to the left of the approaching train, but was not seen by the operators of the train whose duty it was to keep a lookout, and that the operators thus failed in their duty to exercise the proper care under all the circumstances in keeping a reasonable lookout on the approach to the station.

Even if the place where the accident occurred was not a "traveled place," within the meaning of the statute requiring signals to be given at such place, the defendant owed a duty to the plaintiff and the public on its approach to the station, where numbers of people were likely to be assembled, to exercise due care under the circumstances. The jury might have inferred from the testimony that if a proper lookout had been maintained by the defendant in its approach to the station the plaintiff would have been seen, and that if, as contended by the defendant, the train was running at a low rate of speed, it might have been stopped in time to avert the accident; and whether a proper lookout was being maintained by the defendant and whether the failure to keep a proper lookout was the proximate cause of the injury were questions for the jury.

The appellant by its sixth exception imputes error to the trial Judge in submitting to the jury the question whether or not the locus of the injury was a "traveled place" within the meaning of the statute, requiring signals to be given at a public crossing or traveled place, stating the error to be that "there was not sufficient evidence that the point at which plaintiff was injured constituted a crossing or a traveled place, within the terms of that statute." It does not appear that the trial Judge charged the jury as to what constituted a "traveled place" within the meaning of the statute, but no exception was taken to his failure to do so.

In *Sanders v. Southern Railway Co.,* 97 S. C., 423; 81 S. E., 786, the Court said:

"In several cases this Court has defined a traveled place to be one where people are not only accustomed to travel, but also have, in some way, acquired a legal right to travel. *Hale v. Railroad Co.,* 34 S. C., 299; 13 S. E., 537. *Barber v. Railroad Co.,* 34 S. C., 450; 13 S. E., 630. *Hankinson v. Railroad Co.,* 41 S. C., 20; 19 S. E., 206. *Strother v. Railroad Co.,* 47 S. C., 375; 25 S. E., 272. *Risinger v.*

*Railroad Co.,* 59 S. C., 429; 38 S. E., 1.    *Kirby v. Railroad Co.,* 63 S. C., 494; 41 S. E., 765."

The Court in that case defined a "legal right" as follows:

"When we speak of a legal right, we mean a right of such nature that can be legally enforced, and cannot be lawfully denied or interfered with."

It does not appear from the testimony adduced in the case at bar that the public or the plaintiff had acquired any such legal right to travel where the alleged injury occurred. The path led across defendant's track to the shanty car on its right of way and no further. Those who desired to go to the shanty car had been crossing the track at that point for some years. It does not appear that the path was used by the public for any other purpose. It will hardly be denied that the defendant had the right to move the shanty car from its right of way at any time it might desire to do so, and thus discontinue the use of the path leading to it from the station.

The testimony did not warrant the submission to the jury of the question whether the place where the injury occurred was a "traveled place" within the meaning of the statute.

This exception must be sustained.

The fifth exception involves the construction of Section 4925 of Volume 3 of the 1922 Code, which is as follows:

"If a person is injured in his person or property by collision with the engines or any car or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this Chapter, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision or to a fine recoverable by indictment, as provided in the preceding section, unless it is shown that in addition to a mere want of ordinary care the person injured, or the person having charge of his person or property, was at the time of the collision guilty of gross or wilful negligence, or was acting

in violation of the law, and that such gross wilful negligence or unlawful act contributed to the injury."

As the question involved is one of construction of the statute, it must be decided with reference to the provisions of the statute, and so cases decided on general principles of law but not involving the statute may not control.

Under the statute it must appear: (1) That an injury occurred at a crossing; (2) that there was a failure to give the statutory signals; and (3) that such failure contributed to the injury.

In construing the statute this Court has held: (1) That the word "contributed" in the statute means contributing as a proximate cause of the injury; and (2) that failure to give the statutory signals creates a presumption that such failure caused the injury, unless the testimony shows that the injury was caused in some other manner. It is contended that these two holdings are inconsistent.

A brief review of some of the cases decided under the statute may be enlightening.

In *Wragge v. Railway Co.* (July 14, 1896), 47 S. C., 105; 25 S. E., 76; 33 L. R. A., 191 Am. St. Rep., 870, the Court held that the word "contributed" as used in the statute with reference to the railroad's negligence, was used in its ordinary and popular signification; that "one thing is understood to contribute to a given result, when such thing has some share or agency in producing such result, and is not understood to convey the idea that such thing was the efficient cause of such result, in the sense that, without it, such result would not have occurred"; that it was sufficient if "such neglect contributed in any way to the disaster, in the sense that it had any share or agency in bringing about the disaster." This Court held that Circuit Judge was correct in refusing to charge as requested, that the plaintiff must not only prove that defendant failed to give the statutory signals, but must also show "that the failure to give

these signals caused the death of the deceased; that is to say, that if, under the circumstances proved in this case, the statutory signals had been given, the deceased would not have come to his death."

In *Strother v. Railway Co.* (July 29, 1896), 47 S. C., 375; 25 S. E., 272, the Court said:

"The failure on the part of the defendant's servants to ring the bell or sound the whistle in the manner provided by statute was negligence *per se*.  When the defendant violates the requirements of the statute as to ringing the bell or sounding the whistle, and a person is injured by its locomotive, while crossing a highway, street or traveled place, it will be presumed that such negligence caused the injury, unless the testimony shows that the injury was caused in some other manner, which was not done in this case."

In *Bowen v. Railroad Co.* (July 16, 1900), 58 S. C., 222; 36 S. E., 590, however, the Court sustained the Circuit Judge in refusing to charge the defendant's request as follows:

"It may have been possible that the disaster would have occurred even if there had been no gross negligence on the part of the plaintiff, and yet if there was such negligence on his part and it contributed to the disaster, the plaintiff cannot recover."

The defendant contended that this request contained a correct proposition of law, "and was intended to convey the idea that the gross negligence of the plaintiff need not be the proximate cause of the disaster; but that if it contributed in any way to it the plaintiff could not recover."  In overruling the exception based on the trial Judge's refusal to charges as requested the Court said:

"When the law speaks of an act of negligence as contributory to an injury, it means as a direct and proximate cause thereof.  Contributory negligence is thus defined in 7 Am. & Eng. Enc. Law (2d Ed.), p. 371: 'Contributory neg-

ligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another combining and concurring with that negligence, and contributing to the injury, as a proximate cause thereof, without which the injury would not have occurred.' "

This holding, in effect, overruled the *Wragge case.*

In *Drawdy v. Railway Co.* (October 12, 1907), 78 S. C., 374; 58 S. E., 980, the Court quoted from the *Strother case* in support of its holding that noncompliance with the statute is presumed to be the negligence which causes personal injury or death of a person injured or killed by the train at a crossing, but held that there was gross negligence on the part of the plaintiff which contributed to his death as a proximate cause, the presumption thus being overcome by the testimony.

In *Burns v. Railway Co.* (February 19, 1903), 65 S. C., 229; 43 S. E., 679, the presiding Judge charged the jury as follows:

"If you find that the defendant railroad company was negligent, was guilty of negligence, and that the plaintiff was guilty of gross negligence himself, and that such gross negligence was the proximate cause of the injury, then you must find for the defendant."

The defendant excepted to this charge, citing as authority for its exception the *Wragge case, supra,* in which the Court construed the word "contributed," in connection with the defendant's negligence, to mean having any share or agency in bringing about the result, and contending that the same word used in the same section in connection with the plaintiff's gross negligence, should receive the same construction. The Court overruled the exception, pointing out that, while the request conformed to the principle announced in the *Wragge case,* a different rule is laid down in the *Bowen case,* which is subsequent to the *Wragge case.* It is worthy of note that in the *Burns case* the appellant's attorney had been granted permission to review the *Bowen*

*case* in which the Court discussed the meaning of the words "contributed" and "contributory" (see above), and that after quoting from the *Bowen case* the Court said:

"This Court, after mature deliberation, has determined to adhere to the rule stated in *Bowen v. Railway Co.*, for otherwise there would be no legal test for the guidance of the jury in determining whether the act of the party contributed to the injury."

In *Turbyfill v. Railway Co.* (August 10, 1909), 83 S. C., 325; 65 S. E., 278, the presiding Judge, at the plaintiff's request, charged as follows, citing the *Wragge case* as authority:

"In an action against a railroad company for damages, for the death of a person under Section 2132, Civ. Code, 1902, it is not necessary to show that a failure to ring the bell or blow the whistle was the proximate cause of the killing. It is sufficient to show that it contributed to the killing."

The Supreme Court sustained an exception to this charge, stating that the *Wragge case* had been practically overruled.

In the *Turbyfill case* the appellant's attorney asked that the *Strother case* be reviewed in so far as it decided that if the railroad fails to give the statutory signal and a person is injured at a railroad crossing, there is a presumption that such negligence caused the injury, but the Court announced that it again adhered to the doctrine announced in the *Strother case.*

In *Lee v. Railway Co.* (November 3, 1909), 84 S. C., 125; 65 S. E., 1031, the Court said:

"The first exception cannot be sustained, because when it appears that an injury occurred at a crossing, and that the statutory signals were not given, there arises the presumption that the failure to give the signals, which is negligence *per se,* contributed to the injury. *Strother v. Railway,* 47 S. C., 375; 25 S. E., 272. Therefore, if nothing further appeared, the plaintiff would be entitled to a verdict.

And to prevent that result the defendant may show that, notwithstanding the failure to give the signals, the plaintiff knew of the approach of the train in time to avoid the collision, for the object of requiring the signals is to give notice of the approach of the train. *Edwards v. Railway,* 63 S. C., 271; 41 S. E., 458. *Bishop v. Railway,* 63 S. C., 532; 41 S. E., 808. *Nohrden v. Railway,* 59 S. C., 99; 37 S. E., 228; 82 Am. St. Rep., 826."

In *Cable Piano Co. v. Railway Co.* (March 27, 1913), 94 S. C., 143; 77 S. E., 868, the Court stated that the law as to the construction of the word "contributed" as used in the statute was announced in the *Wragge case,* followed in the *Strother case,* but overruled in the *Bowen case,* saying that the *Bowen case* has been followed ever since, and cited, among others, the *Turbyfill case* in support of that view.

In *Peeples v. Railway Co.* (October 11, 1920), 115 S. C., 115; 104 S. E., 541, the Court quotes from the *Strother case* in support of its holdings:

"The trial Judge was not in error in charging the jury that where the statutory signals are not given, and an injury occurs, there is a presumption that the failure to give the signals is the proximate cause of the injury."

In *Cirsosky v. Smathers* (April 23, 1924), 128 S. C., 358; 122 S. E., 864, which, however, involves the construction of a city ordinance and not the railroad signal statute, this Court said:

"Although the violation of a statute is held to be negligence *per se,* there must be a causal relation between such act and the injury to render the defendant liable, and such violation must be the proximate cause of the injury"—citing 29 Cyc., 439.

The above cases have been cited somewhat at length in chronological order in the hope that they may form a suitable background for the consideration of appellant's contention that the two principles of construction of the signal statute as to (1) the necessity or causal relationship be-

tween the failure to give the signals and the injury suffered; and (2) the presumption that the failure to give the signals caused the injury, either the one or other of which was considered in each of the cases cited and both of which were announced in the *Turbyfill case,* are inconsistent with each other. The fact that both of these principles, after being first announced, were reviewed by this Court and affirmed after such review, is significant of the fact that the Court has held to both principles, and the fact that in one instance, the *Turbyfill case,* both principles were affirmed in the same case, is still more significant. Evidently this Court has never considered that these two principles are inconsistent, and we are still of that opinion.

Under the statute it must appear that the failure to give the signals contributed to the injury, and the decision of this Court holds that this means contributing as a proximate cause. It does not necessarily follow, however, that the causal relationship must be shown, in the first instance, by evidence, since, as in other cases, a presumption, if reasonable and well-founded, may arise from the proven facts. The rule as to causal relation between the violation of the statute and the injury is clearly stated in 20 R. C. L. at page 43, as follows:

"The meaning of proximate cause in this connection has been explained as follows: If the injury complained of is a natural and probable consequence of a violation of the statute, then that violation is correctly taken as the proximate cause of the injury. If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the nonobservance of the law. But if the injury is one that happened by causes independent of the violation of the statute, it is not actionable on the basis of that violation."

The signal statute, as shown by the title to Article 7 of the Code, is a regulation for the prevention of accidents and concerning the responsibility therefor.. The Legislature

evidently had in mind that injury to person or property was very likely to occur at a railroad crossing unless proper warning of the approach of trains was given to travelers, and intended by the statute to prevent such injury by requiring the railroad to give certain definitely described signals.

From our consideration of this question, we are satisfied that the proper construction of the statute leads to the conclusion that when a person is injured by a collision with the engines or any car or cars of a railroad corporation at a crossing, and the railroad failed to give the statutory signals at such time and place, the presumption arises that the failure to give the signals is the proximate cause of the injury, since such injury is the natural and probable consequence of the failure to give the signals and is the very injury intended to be prevented by the statute. It must be borne in mind that this presumption does not mean that the causal relationship between the failure to give the signals and the injury is shown conclusively. The presumption merely establishes a *prima facie* case, which may be overcome by testimony, whether given for the plaintiff or for the defendant. This was made clear in the *Strother case;* and later, in the *Drawdy case,* it was held that the presumption in favor of the plaintiff was overcome by the testimony in favor of the defendant. The trial Judge, in the case at bar, clearly conceived the law on that point.

There was no error in the charge of the trial Judge as complained of in the fifth exception, and the exception is overruled.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

Mr. Chief Justice Watts and Mr. Justice Blease concur. Mr. Acting Associate Justice Purdy concurs in result. Mr. Justice Cothran concurs in part and dissents in part.

Mr. Justice Cothran (concurring and dissenting): I concur in the result of Mr. Justice Stabler's opinion in so far as it reverses the judgment in this case and remands it to the Circuit Court for a new trial upon the ground stated; but I dissent from his conclusion sustaining the following charge of the Circuit Judge.

"Where the statutory signals are not given and an injury occurs, there is a presumption that the failure to give the signals is (was?) the proximate cause of the injury."

I think that the conclusion reverses the fundamental principle that a plaintiff suing for damages for a tort must not only show negligence on the part of the defendant, but also that such negligence was the proximate cause of the injury sustained. Unquestionably this is the general rule in tort cases. The cases decided by this Court abundantly sustain the proposition that proof of negligence alone will not entitle the plaintiff to recover, unless he goes a step further and proves that such negligence was the proximate cause of the injury.

In *Glenn v. Railway Co.,* 21 S. C., 466, the Court said:

"Applying these principles to the case under consideration, in which the negligence imputed to the defendant was in failing to furnish a headlight for the engine, we find that the testimony as to such negligence was quite sufficient, as to that point, to send the case to the jury; but we look in vain for any evidence whatever tending to establish the equally material and necessary point that the injury complained of was in any way the result of such negligence."

In *Adkins v. Railway Co.,* 27 S. C., 71; 2 S. E., 849:

"To recover damages for injury done to a party by another, the plaintiff must not only produce evidence of negligence by such other, but also that the injury complained of was the result of such negligence."

In *Petrie v. Railway Co.,* 29 S. C., 303; 7 S. E., 515:

"It is not sufficient to make out plaintiff's case, that there

should be simply evidence of defendant's negligence, but that there must also be some evidence that the injury complained of was the result of such negligence."

In *Barber v. Railway Co.,* 34 S. C., 444; 13 S. E., 630:

"It was not sufficient to sustain a case of this kind to show negligence, but there must be also some evidence showing that the injury complained of was the result of such negligence."

In *Ruff v. Railway Co.,* 42 S. C., 114; 20 S. E., 27:

"It was not only necessary to introduce testimony tending to show negligence in that respect,   *   *   *   but also tending to show that the injury to the horse was the result of such negligence."

In *Molair v. Railway Co.,* 31 S. C., 510; 10 S. E., 243:

"To maintain this action, it was necessary for the plaintiff not only to show negligence on the part of the defendant, but also that the injury complained of was the result of such negligence."

In *Smith v. Gilreath,* 69 S. C., 353; 48 S. E., 262:

"It was incumbent   *   *   *   to show not only that she suffered injury which was caused by the defendant, but that such injury was the result of negligence, in order to recover upon those allegations of the complaint founded upon negligence."

This is nothing more than requiring the plaintiff to offer evidence of what he has alleged—in the case at bar, that the negligence alleged directly caused and produced damage to the plaintiff.

The statute is absolutely clear in its prescription of the conditions under which liability for damages is fixed upon the railroad company: (1) An injury to the person or property of one using the railroad crossing. (2) An injury by collision with the engine or cars at a railroad crossing. (3) A neglect of the corporation to give the required

statutory signals.   (4) "That such neglect contributed to the injury."  He declares:

"If a person is injured  *  *  *  by collision with the engine or any car or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required  *  *  *  and that such neglect contributed to the injury, the corporation shall be liable," etc.

I do not think that it can be denied that what we term the signaling statute (Sections 4903 and 4925, Vol. 3, Code of 1922), is a statute of exceptional liability.   In the first place, the failure to give the signals is negligence *per se,* that is to say, it is legal negligence, and the trial Judge has the right to so declare to the jury; in all other instances the trial Judge's province is to legally define negligence, leaving it to the jury to decide whether, under the facts, negligence as thus defined should be presumed.

As is said in *Kaminitsky v. Railway Co.,* 25 S. C., 53:

"*  *  *  It is for the Judge to say whether there are any facts in evidence, from which negligence may be reasonably and legitimately inferred, and it is for the jury to say whether from these facts, when submitted to them, negligence ought to be inferred."

This is a distinct advantage to the plaintiff.   In the second place, the contributory negligence of the traveler, "in addition to a mere want of ordinary care," must be shown, in order to constitute a defense, to have been gross or willful, or an act in violation of law.   Another distinct advantage to the plaintiff.

See *Kinard v. Railroad Co.,* 39 S. C., 514; 18 S. E., 119, where it is said:

"It will be observed that there is a great difference in the defense to an action under the statute, and to an action at common law.   In the former, in order to sustain the defense of contributory negligence, it would be necessary to show

either gross negligence on the part of the plaintiff, or that he was acting in violation of law, while in the latter such a degree of negligence would not be required to be shown. It would, therefore, be manifestly unjust to allow a judgment recovered in an action, erroneously treated as an action under the statute, to stand, notwithstanding such erroneous ruling."

It hardly needs authority to sustain the proposition that one who comes into Court claiming the benefit of a statute creating a cause of action based upon an exceptional liability assumes the burden of bringing his case within the terms of such statute.

In *Lowden v. Moses,* 1 McCord, 120, the Court said:

"When a new remedy or a new cause of action is given by a statute, the plaintiff who would avail himself of either must bring himself within the statute."

"* * * All agree upon the basic principle that only those for whose benefit and advantage the law was made have a right of action for injuries consequent upon its violation." Note 9 L. R. A. (N. S.), 343, citing a multitude of cases, among them, *Neely v. Railroad Co.,* 33 S. C., 136; 11 S. E., 636.

It has been decided by this Court that in order to obtain the benefit of this exceptional statute, the plaintiff must show: (1) That he was injured by an actual collision with the engine or cars, *Kinard v. Railroad Co.,* 39 S. C., 517; 18 S. E., 119; (2) that he was injured by a collision at a place where he had the legal right to travel, *Risinger v. Railroad Co.,* 59 S. C., 429; 38 S. E., 1. *Hankinson v. Railroad Co.,* 41 S. C., 20; 19 S. E., 206. *Hale v. Railroad Co.,* 34 S. C., 299; 13 S. E., 537. *Barber v. Railroad Co.,* 34 S. C., 450; 13 S. E., 630. (3) That he was actually on the crossing when injured, *Neely v. Railroad Co.,* 33 S. C., 136; 11 S. E., 636. *Hale v. Railroad Co.,* 34 S. C., 292; 13 S. E., 537. *Barber v. Railroad Co.,* 34 S. C., 444;

13 S. E., 630. *Kinard v. Railroad Co.,* 39 S. C., 514; 18 S. E., 119. *Sims v. Railroad Co.,* 59 S. C., 246; 37 S. E., 836. *Risinger v. Railroad Co.,* 59 S. C., 429; 38 S. E., 1. *Tyler v. Railroad Co.,* 104 S. C., 107; 88 S. E., 541. *Fowles v. Railroad Co.,* 73 S. C., 306; 53 S. E., 534. *Thompson v. Railroad Co.,* 81 S. C., 333; 62 S. E., 396; 20 L. R. A. (N. S.), 426. *Hutto v. Railroad Co.,* 61 S. C., 495; 39 S. E., 710. (4) That the injury occurred upon a steam and not an electric railroad, *Campbell v. Railroad Co.,* 97 S. C., 383; 81 S. E., 676 (statute amended 31 Stat., 102, to include electric lines).

In the case at bar the opinion of Mr. Justice Stabler finds reversible error in even submitting to the jury the question of a traveled place, under the statute.

Showing with what strictness the Court has required the plaintiff to bring himself within the specific terms of the exceptional statute: When the statute in terms declares that the plaintiff shall not have the benefit of the statute unless it "appears" (that is to say, is proved) that the neglect to give the signals "contributed to the injury" (as a proximate cause, *Bowen v. Railroad Co.,* 58 S. C., 222; 36 S. E., 590. *Duncan v. Greenville,* 73 S. C., 254; 53 S. E., 367. *Turbyfill v. Railroad Co.,* 83 S. C., 325; 65 S. E., 278), there cannot appear a good reason why the burden of establishing this essential element in his cause of action under the statute, should not be borne by the plaintiff; if so, it is necessarily erroneous to declare that the presumption under discussion arises.

It has been suggested, however, that a different rule applies where the defendant is shown to have been guilty of a breach of a statutory duty, and that in such case there arises a presumption from the mere breach, that it was the proximate cause of the plaintiff's injury. There is no reason for the application of a different rule under this distinction. The fact that the breach constitutes negligence

*per se* does not make it any more negligence than if a jury should find that a certain act was negligence. Each is an act of negligence and governed by the same law, that it must be proved to have been the proximate cause of the injury. As is said in the case of *Cirsosky v. Smathers,* 128 S. C., 358; 122 S. E., 864:

"The only difference between an act which the law declares negligence (that is, an act which is negligence *per se),* and an act of negligence, is in the particular branch of the legal machinery of the trial which adjudicates the question and characterizes the act; in the one case the Judge, and in the other the jury. The further essential to liability (the causal relation between the act and the injury), is unaffected by the distinction. It is just as necessary to show that the act declared negligence *per se* was the proximate cause of the injury as to show that an act so declared by the jury was such cause."

It must be conceded that there are several cases decided by this Court which sustain the proposition that upon proof of a neglect to give the statutory signals, followed by an injury through collision at the crossing, a presumption arises that the neglect to give the signals was the proximate cause of the injury. These cases are *Strother v. Railroad Co.,* 47 S. C., 375; 25 S. E., 272. *Drawdy v. Railroad Co.,* 78 S. C., 374; 58 S. E., 980. *Lee v. Railroad Co.,* 84 S. C., 125; 65 S. E., 1031. *Peeples v. Railroad Co.,* 115 S. C., 115; 104 S. E., 541.

In the *Strother case,* which is the "bellwether" of the flock of errors, the Court without comment or authority, announced the principle, in a later portion of the opinion of the Court, considering this charge of the Circuit Judge:

"If the jury find that the deceased, Robert Strother, was injured at the place so described because of the neglect to give said signals, and such neglect contributed to his death, then the defendant is responsible for his death, unless the

jury  *  *  *  find that the deceased was guilty of gross
or willful negligence."

After repeating the words of the statute, the Court adds:

"His Honor's charge was in harmony with the provisions of this statute."

Manifestly, the charge imposed upon the plaintiff the
burden of proving that the neglect to give the signals contributed (as a proximate cause) to the injury—a proposition inconsistent utterly with the preannounced doctrine of
presumption.

Besides, in the *Strother case* it was held that the negligence of the railroad company in failing to give the crossing signals need not be shown to have been the proximate
cause of the collision—a conclusion in line with that in
*Wragge v. Railroad Co.,* 47 S. C., 105; 25 S. E., 76; 33
L. R. A., 191; 58 Am. St. Rep., 870. Both of these cases
were overruled upon this point by the later cases of *Bowen
v. Railroad Co.,* 58 S. C., 222; 36 S. E., 590. *Edwards
v. Railroad Co.,* 63 S. C., 271; 41 S. E., 458. *Burns v.
Railroad Co.,* 65 S. C., 229; 43 S. E., 679. *Duncan v.
Greenville,* 73 S. C., 254; 53 S. E., 367. *Turbyfill v. Railroad Co.,* 83 S. C., 328; 65 S. E., 278. *Lee v. Railroad
Co.,* 84 S. C., 138; 65 S. E., 1031; and *Cable Piano Co. v.
Railroad Co.,* 94 S. C., 143; 77 S. E., 868. It is not improbable that the error in this respect influenced the error in
the other.

In *Sims v. Railroad Co.,* 59 S. C., 246; 37 S. E., 836,
Chief Justice McIver rendered the opinion of the Court,
and, following the *Wragge* and *Strother cases,* which had
not then been overruled, held that in an action under the
statute the question of proximate cause was eliminated,
and, continuing, said:

"When, therefore, these sections were applied to this
case, it was well calculated to induce the belief that if the
railroad company failed to give the statutory signals re-

quired, that was sufficient to show negligence, without regard to whether such negligence was the proximate cause of the injury complained of."

The *Wragge* and *Strother cases* having been overruled, and the Court having held that when the statute speaks of contributing cause, this quotation demonstrates that so far as proximate cause is concerned the rule at common law and under the statute is the same; the plaintiff must show the causal connection.

The *Strother case,* upon the point under discussion, was reaffirmed in *Davis v. Railroad Co.,* 63 S. C., 370; 41 S. E., 468, but it is apparent that the decision was rested upon that case, and upon the previous holdings of the Court that the neglect to give the signals was negligence *per se* (as to which I have no complaint), without the slightest attempt to state a rationale for the holding.

The *Strother case* upon the point under discussion was reaffirmed in *Drawdy v. Railroad Co.,* 78 S. C., 374; 58 S. E., 980, again upon the authority of that case without elaboration. And so in the cases of *Turbyfill v. Railroad Co.,* 83 S. C., 325; 65 S. E., 278. *Bishop v. Railroad Co.,* 63 S. C., 532; 41 S. E., 808. *Edwards v. Railroad Co.,* 63 S. C., 271; 41 S. E., 458. *Lee v. Railroad Co.,* 84 S. C., 125; 65 S. E., 1031. *Peeples v. Railroad Co.,* 115 S. C., 115; 104 S. E., 541. Not one of them treats the subject with reasoning, but they all blindly follow the trail of the *Strother case.*

On the other hand, case after case in this Court sustain with unerring logic the opposite view of this presumption.

In *Dyson v. Railway,* 83 S. C., 354; 65 S. E., 344, it is held, quoting syllabus:

"The violation of a valid ordinance regulating the speed of trains within the municipality, resulting in injury to another, is negligence as matter of law, but issue of proximate cause is for the jury."

In *Martin v. Railroad Co.,* 84 S. C., 568; 66 S. E., 993, the Court said:

"There was testimony tending to prove negligence on the part of the defendant in three particulars: (1) In running the street car at a greater rate of speed than was allowed by the ordinance of the city, which is negligence *per se, Dyson v. Railway,* 83 S. C., 354; (65 S. E., 344). (2) In failing to give proper signals; and (3) in running the car without a headlight, a violation of the city ordinance. Under these circumstances, the question as to the proximate cause of the injury was properly submitted to the jury."

In *Lindler v. Railway,* 84 S. C., 536; 66 S. E., 995, the plaintiff claimed damages by reason of the unlawful obstruction of a crossing, in violation of a city ordinance. The Court held:

"The question whether the engines, and the manner of their operation, was the proximate cause of the injury, presented a question to be determined by the jury."

In *Whaley v. Ostendorff,* 90 S. C., 281; 73 S. E., 186, the action was based upon a violation of a city ordinance regulating the speed of automobiles. The Court, commenting upon the *Dyson* and *Lindler cases,* held that the violation of the city ordinance was negligence *per se,* but added:

"The fact that there is negligence *per se,* does not, however, tend to show, that such negligence is actionable, depends upon the further question, whether such negligence was the direct and proximate cause of the injury."

In *McCown v. Muldrow,* 91 S. C., 523; 74 S. E., 386; Ann. Cas., 1914-A, 139, the Court said:

"There was testimony tending to show that the defendant was driving his automobile, when the injury was sustained, at a rate of speed greater than was allowed by the ordinance of the city; and this was evidence *per se,* not merely *prima facie,* of negligence. In *Whaley v. Osten-*

*dorff,* 90 S. C., 281; (73 S. E., 186), the Court says: 'When evidence  *  *  *  is only *prima facie,* it is subject to rebuttal, but when there is negligence *per se,* it is conclu-*per se* does not, however, tend to show that such negligence is actionable.  The question whether negligence is action-able depends upon the further question, whether such negli-gence was the direct and proximate cause of the injury.' " .

In *Cunningham v. Railroad,* 96 S. C., 456; 81 S. E., 150, the Court held that it was a question for the jury to determine whether the failure of the railroad company to bring the train to a full stop as required by the city ordi-nance was the proximate cause of the plaintiff's injury.

In *Crawford v. Traction Co.,* 126 S. C., 447; 120 S. E., 381, the action was based upon a violation of a city speed ordinance.  After holding that such violation was negli-gence *per se,* the Court said:

"If the other evidential facts were susceptible of an in-ference that such negligence was the proximate cause of the injury, then a case of actionable negligence was made out, and the issue was for the jury."

In *Cirsosky v. Smathers,* 128 S. C., 358; 122 S. E., 864, the latest and unanimous deliverance of this Court upon the subject, it is said:

"That the violation of a statute, although declared neg-ligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, is abundantly shown by the authorities and sustained by common sense and justice."

In the opinion of Mr. Justice Stabler no comment upon this last cited case appears except that it "involves the con-struction of a city ordinance and not the railroad signal statute," as if that distinction made a difference in the ap-plication of the legal principle involved.

It thus appears that the decisions of this Court are not harmonious upon the subject, and, in the language of this

Court in the case of *Antley v. Insurance Co.,* 139 S. C.,
23; 137 S. E., 199:

"In this state of conflict between the decisions, it is up
to the Court to 'choose ye this day whom he will serve';
and, in the duty of this decision, this Court has the right
to determine which doctrine best appeals to its sense of
law, justice, and right."

Text-writers and decided cases, "innumerable as the stars
for multitude," sustain the proposition that the burden is
upon the plaintiff to prove the causal connection between
the negligence of the defendant and the injury.

In 3 Lawson, Rights, etc., § 1183, it is said:

"Where by statute or municipal ordinance the railroad
is required on approaching a crossing to ring a bell or sound
a whistle, the omission to do so is negligence rendering the
company liable, provided the failure of duty is the proxi-
mate cause of the injury."

To the same effect is 1 Shearman & Redfield on Negli-
gence, §§ 25, 26; Bigelow, Torts, 608–626.

As Mr. Elliott says in 3 Elliott, Railroads (3d Ed.),
§ 1648, p. 503:

"Ordinarily the omission of the statutory duty (of giving
the required signals on approaching a crossing) is negli-
gence *per se,* and where the omission is established, such
negligence arises as a matter of law; but such omission by
no means conclusively establishes the company's liability,
for the injured party must have been free from fault, and
the negligence of the company must have been the proxi-
mate cause of the injury in order to enable him to recover.
*   *   *·  In no event is the omission to give the statutory
signals sufficient of itself to make out a case, for there must
be evidence showing that it was the proximate cause of the
injury.   *   *   *  The consequences of an act or omis-
sion do not of themselves show that an act is or is not neg-
ligent, and it is not (?) necessary, in order to render an

act or omission negligent, that it produce some disastrous result. Negligence *per se* may work no serious injury to any person, not because it is not wrongful in itself, but because no one is in a position at a particular time to be injured. The liability of the wrongdoer to the person injured, is, however, generally dependent upon the element of proximate cause."

"The doctrine is held in some cases that a breach of statutory duty is evidence not only of negligence, but also that such negligence caused the injury complained of. But this rule has been abandoned, and the modern rule is that while the violation of a statute is negligence, yet to entitle the plaintiff seeking to recover damages for an injury sustained, he must show a causal connection between the injury received and the disregard of the statutory prohibition or mandate—that the injury was the proximate result." 22 R. C. L., 206.

The opinion of Mr. Justice Stabler contains a quotation from 20 R. C. L., 43. Manifestly, he did not approve of the text which immediately preceded the quotation in the same section:

"Although a violation of a statute is negligence *per se,* there must be a causal connection between the unlawful act and the injury, which must be shown in the pleading and by the proof, or the action fails. If the injury would have occurred regardless of the violation of the statute the defendant cannot be said to be liable therefor. And upon the plaintiff rests the burden of proving that the defendant's unlawful act was the cause of the injury."

The portion quoted is taken from a West Virginia case, which was a case of a minor employed in a coal mine in violation of a statute, and does not announce a doctrine inconsistent with that declared by that Court in the cases of *Butcher v. Railroad Co.,* 37 W. Va., 180; 16 S. E., 457; 18 L. R. A., 519. *Beyel v. Railroad Co.,* 34 W. Va., 538;

12 S. E., 532. "In case of a personal injury alleged to be the consequence of the neglect to obey a statute enacted for the protection of the victim, the violation of the statute must be shown to have been the proximate cause of the injury; otherwise no recovery can be had." Note 9 L. R. A. (N. S.), 345, citing cases from Alabama, South Dakota, Georgia, Illinois, Indiana, Iowa, Kansas, Minnesota, Mississippi, Missouri, Nebraska, New York, Texas; Virginia, West Virginia, Wisconsin. "* * * the neglect to obey a statute commanding or forbidding something to be done or omitted for the benefit and protection of others, never affords the sufferer of a coincident injury a right of action, unless such negligence was the proximate cause of the injury." Note L. R. A., 1916-E, 516. "All the Courts agree that to be actionable, negligence in the performance of a statutory duty must be causally related to the attributed injury." *Id.*

This proposition is sustained by the following cases: Alabama : *Railroad Co. v. Brewing Co.,* 150 Ala., 390; 43 So., 723. *Armstrong v. Sellers,* 182 Ala., 582; 62 So., 28. *Railroad Co. v. Flippo,* 138 Ala., 487; 35 So., 457.    Arkansas : *Railroad Co. v. Conger,* 84 Ark., 421; 105 S. W., 1177. Colorado : *Mead v. Brew Co.,* 43 Colo., 1; 95 P., 284. *Carlock v. Railroad Co.,* 55 Colo., 146; 133 P., 1103. Delaware : *Campbell v. Walker,* 2 Boyce (Del.), 41; 78 A., 601. *Lindsay v. Cecchi,* 3 Boyce (Del.), 133; 80 A., 523; 35 L. R. A. (N. S.), 699. Florida : *Wade v. Railroad Co.,* 54 Fla., 277; 45 So., 472. Illinois : *Thompson v. Railroad Co.,* 226 Ill., 542; 80 N. E., 1054; 9 L. R. A. (N. S.), 672. *Carterville Co. v. Moake,* 128 Ill. App., 133. *Ingraham v. Harmon,* 229 Ill., 168; 82 N. E., 256. *So. Co. v. Hopp,* 133 Ill. App., 239. *Railroad Co. v. Mc-Kean,* 40 Ill., 218. *Railroad Co. v. Van Patten,* 64 Ill., 514. *Railroad Co. v. Benton,* 69 Ill., 174; *Railroad Co. v. Well-hoener,* 72 Ill., 60; *Railroad Co. v. Jones,* 76 Ill., 314; *Railroad Co. v. Tuterwiler,* 16 Ill. App., 197; *Railroad Co. v.*

*Jenuine*, 16 Ill. App., 209; *Railroad Co. v. Wells*, 42 Ill. App., 26; *Maney v. Railroad Co.*, 49 Ill. App., 105; *Railroad Co. v. Pirschbacher*, 63 Ill. App., 144; *Railroad Co. v. Williams*, 69 Ill. App., 392; *Railroad Co. v. Hoadley*, 122 Ill. App., 165; *Paietta v. Co.*, 257 Ill., 11; 100 N. E., 218. *Latham v. Railroad Co.*, 179 Ill. App., 324; *Indiana Co. v. Neal*, 166 Ind., 457; 77 N. E., 850; 9 Ann. Cas., 424. *Railroad Co. v. Schepman*, 171 Ind., 71; 84 N. E., 988. *Railroad Co. v. Tauer*, 176 Ind., 621; 96 N. E., 758; 39 L. R. A. (N. S.), 20.  Kentucky: *Railroad Co. v. Baxter* (Ky.), 110 S. W., 248; 18 L. R. A. (N. S.), 241. *Conway v. Railroad Co.*, 135 Ky., 229; 119 S. W., 206; 122 S. W., 136.  Louisiana: *Laborde v. Railroad Co.*, 121 La., 47; 46 So., 97.  Massachusetts: *Farrell v. B. F. Sturtevant Co.*, 194 Mass., 431; 80 N. E., 469. *Bourne v. Whitman*, 209 Mass., 155; 95 N. E., 404; 35 L. R. A. (N. S.), 701.  Missouri: *Hutchinson v. Railroad Co.*, 195 Mo., 546; 93 S. W., 931. *Rowen v. Railroad Co.*, 198 Mo., 654; 96 S. W., 1009. *Jackson v. Butler*, 249 Mo., 342; 155 S. W., 1071. *Fore v. Railroad Co.*, 114 Mo. App., 551; 89 S. W., 1034. *Midgett v. Railroad Co.*, 124 Mo. App., 540; 102 S. W., 56.  Montana: *Melville v. Copper Co.*, 47 Mont., 1; 130 P., 441.  New York: *Conroy v. Acken*, 186 N. Y., 566; 77 N. E., 1184. *Burns v. Delaware & Hudson Co.*, 110 App. Div., 592; 96 N. Y. S., 509. *Schindler v. Welz*, 145 App. Div., 532; 130 N. Y. S., 344. *Horn v. Breakstone*, 75 Misc. Rep., 343; 133 N. Y. S., 285. *Schmidt v. Bruen*, 56 Misc. Rep., 130; 106 N. Y. S., 443.  North Carolina: *Rich v. Electric Co.*, 152 N. C., 689; 68 S. E., 232; 30 L. R. A. (N. S.), 428.  Texas: *Railroad Co. v. Vollrath*, 40 Tex. Civ. App., 46; 89 S. W., 279. *Railroad Co. v. Edwards*, 100 Tex., 22; 93 S. W., 106. *Railroad Co. v. Hemphill*, 58 Tex. Civ. App., 232; 125 S. W., 340. *Railroad Co. v. Wilkes* (Tex. Civ. App.), 159 S. W., 126.  Utah: *Rogers v. Railroad Co.*, 32 Utah, 367; 90 P., 1075; 125 Am. St.

Rep., 876.    Virginia: *Stokes v. Railroad Co.,* 104 Va., 817; 52 S. E., 855.    *Railroad Co. v. Gee,* 104 Va., 806; 52 S. E., 572; 3 L. R. A. (N. S.), 111.    *Railroad Co. v. Hall's Administrator,* 109 Va., 296; 63 S. E., 1007.    Vermont: *Corbin v. Railroad Co.,* 78 Vt., 458; 63 A., 138. C. C. A.: *Steel Co. v. Chee* (C. C. A.), 184 F., 868.    South Dakota: *Mankey v. Railroad Co.,* 14 S. D., 468; 85 N. W., 1013.    *Dougherty v. Railroad Co.,* 20 S. D., 46; 104 N. W., 672.    Georgia: *Douglas v. Railroad Co.,* 88 Ga., 282; 14 S. E., 616.    *Railroad Co. v. Gravitt,* 93 Ga., 369; 20 S. E., 550; 26 L. R. A., 553; 44 Am. St. Rep., 145.    *Railroad Co. v. Partee,* 107 Ga., 789; 33 S. E., 668.    Indiana: *Railroad Co. v. Van Auken,* 1 Ind. App., 492; 27 N. E., 119.    *Leavitt v. Railroad Co.,* 5 Ind. App., 513; 31 N. E., 860; 32 N. E., 866.    *Railroad Co. v. Ousler,* 15 Ind. App., 232; 36 N. E., 290.    Iowa: *Poland v. Earhart,* 70 Iowa, 285; 30 N. W., 637.    Kansas: *Railroad Co. v. Trahern,* 77 Kan., 803; 91 P., 48.    *Railroad Co. v. Payne,* 29 Kan., 166; *Railroad Co. v. Morgan,* 31 Kan., 77; 1 P., 298.    *Railroad Co. v. Walz,* 40 Kan., 433; 19 P., 787.    Minnesota: *Anderson v. Settergren,* 100 Minn., 294; 111 N. W., 279. *Locke v. Railroad Co.* 15 Minn., 350 (Gil. 283); *Osborne v. McMasters,* 40 Minn., 103; 41 N. W., 543; 12 Am. St. Rep., 698.    *Baxter v. Coughlin,* 70 Minn., 1; 72 N. W., 797.    *Tvedt v. Wheeler,* 70 Minn., 161; 72 N. W., 1062.    *Ellington v. Railroad Co.,* 96 Minn., 176; 104 N. W., 827.    *Mississippi Railroad Co. v. Watson* (Miss.), 39 So., 69.    *Meyer v. King,* 72 Miss., 1; 16 So., 245; 35 L. R. A., 474.    *Railroad Co. v. Caster* (Miss.), 5 So., 388.

In *Hayes v. Railroad Co.,* 111 U. S., 228; 4 S. Ct., 369; 28 L. Ed., 410, the Court said:

"The evidence of the circumstances showing negligence [the burden of showing which the Court holds was upon the plaintiff], on the part of the defendant, which may have been the legal cause of the injury to the plaintiff * * * should have been submitted to the jury."

In *Union Pac. R. Co. v. McDonald,* 152 U. S., at page 283; 14 S. Ct., 619, 627 (38 L. Ed., 434), the Court said:

"The nonperformance by the railroad company of the duty imposed by statute, of putting a fence around its slack pit, was a breach of its duty to the public, and therefore, evidence of negligence, for which it was liable in this case, if the injuries in question were, in a substantial sense, the result of such violation of duty."

"In an action against a railroad company for negligently causing a death at a highway crossing, proof that the signals required by law were not given will not alone justify a recovery; but it must also appear that the failure to give such signals caused the injury; but this is a question of fact for the jury." *Railroad Co. v. Hoadley,* 122 Ill. App., 165.

"It seems to us that the principle is clearly settled by this Court in the cases cited, that while the violation of a statute is negligence, yet to entitle the plaintiff seeking to recover damages for an injury sustained, he must show a causal connection between the injury received and the disregard of the statutory prohibition or mandate—that the injury was the proximate cause [result?], and this requirement is fundamental in the law of negligence." *Rich v. Asheville Co.,* 152 N. C., 689; 68 S. E., 232; 30 L. R. A. (N. S.), 428.

"To entitle an injured person to recover of a defendant proved to have violated a statute, or to have failed to perform a statutory duty in association with the injury, he must establish, first, that he was one of the class of persons for whose benefit the statute was enacted, and, second, that his injury was the proximate result of such violation and neglect." *Anderson v. Settergren,* 100 Minn., 294; 111 N. W., 279.

"The disregard of a statutory requirement is not necessarily negligence in the juridical sense. Negligence is a shortage of legal duty that causes injury. The fact that an act is in violation of law does not dispense with an injury complained of. If it is not an efficient cause of the injury

there is no liability." *Corbin v. Railroad Co.,* 78 Vt., 458; 63 A.; 138.

"The failure of a railroad company to obey a statute which requires locomotives and trains to give warning by bell and whistle of their approach to highway crossings, is conceded to be negligence, but it does not necessarily afford one injured at a crossing an action for damages. It must still be established that the failure to give the statutory signals was the proximate cause of the injury." *Railroad Co. v. Mertz* (Ala. Sup.), 40 So., 60.

"In an action of trespass against a railroad company for injuries received at a railroad crossing by reason of the failure of the defendant to give the signal required by statute, in order that the plaintiff should recover, he must not only prove that the defendant failed to give the signal required by statute, but that such failure was the proximate cause of his injury." *Butcher v. Railroad Co.,* 37 W. Va., 180; 16 S. E., 457; 18 L. R. A., 519. *Beyel v. Railroad Co.,* 34 W. Va., 538; 12 S. E., 532.

In *Cincinnati Co. v. Murray,* 53 Ohio, 570; 42 N. E., 596; 30 L. R. A., 508, the Court said:

"The statute requires that the car stop and that an employee go forward and ascertain if the way is clear, and a failure to obey the statute in this regard is negligence, but in an action for damages,  *  *  *  it is not actionable negligence, because to make such negligence actionable some injury must have been directly caused thereby."

"Failure to ring the bell or blow the whistle at a crossing, as required by law, does not render a railroad company liable for an accident at a crossing, unless that be the proximate cause of the injury." *Railroad Co. v. Crisman,* 19 Colo., 30; 34 P., 286.

"Though the violation of a penal statute constitutes negligence *per se,* it is not actionable, unless it is the proximate cause of the injury for which the action is brought."

*Prest-O-Lite Co. v. Skell,* 182 Ind., 593; 106 N. E., 365, Ann. Cas., 1917-A, 474.

"While this statute subjects railroad companies to liability for the damages occasioned by its violation, it does not confer a right of action upon the person injured, unless the ommission of the signals caused the disaster." *Horn v. Railroad Co.* (C. C. A.), F., 301.

"It is evident from this language that the failure to give signals must have occasioned the accident—that is, must have been the proximate cause of it—before a recovery can be had. * * * Before, therefore, plaintiff can recover, because signals were not given, he must cause it to appear that this failure of duty brought about the disaster." *Pennsylvania Co. v. Rathgeb,* 32 Ohio St., 66.

"Failure of a railroad company to ring the bell and sound the whistle on approaching a crossing, as required by statute, did not render them liable to a person injured at the crossing if such negligence did not cause the injury." *Railroad v. Baker,* 24 Ind. App., 152; 54 N. E., 814.

"The failure to give crossing signals renders a railroad liable only when that failure is the cause of the injury." *Morier v. Hines,* 81 N. H., 48; 122 A., 330.

"The failure of those in charge of a train to ring the bell or blow the whistle on approaching a crossing at which a person is injured, is not negligence for which the railroad company is liable unless such failure is the proximate cause of the injury." *Elgin v. Railroad,* 220 Ill., 462; 77 N. E., 151. *Railroad v. Daves,* 108 Va., 378; 61 S. E., 748. *Kujawa v. Railroad,* 135 Wis., 562; 116 N. W., 249. *Railroad v. McKissack* (Tex. Civ. App.), 152 S. W., 815. *Railroad v. Crawford,* 164 Ala., 178; 51 So., 340. *Ackerman v. Railroad,* 58 Ind. App., 212; 108 N. E., 144.

"While it is negligence *per se* not to give the statutory signals when approaching a crossing, such negligence is not actionable unless it is the proximate cause of the injury." *Railroad v. Hemphill,* 58 Tex. Civ. App., 232; 125 S. W., 340.

"In order to recover for injuries resulting from a collision at a highway crossing, alleged to have been caused by defendant's failure to give proper signals on approaching the crossing, its failure to do so must have been the proximate cause of the injuries." *Kujawa v. Railroad Co.,* 135 Wis., 562; 116 N. W., 249.

I doubt not that a hundred other cases could be cited sustaining this proposition. See Vol. 15, First Decennial Digest, "Negligence," 56 (3).

I venture to suggest that the matrix of the error in the proposition that the neglect to give the statutory signals raises a presumption that such neglect was the proximate cause of the collision, is the undue importance attributed to and the misconception of the principle that such failure is negligence *per se*. It is an inaccurate and unfortunate expression, in that it fails to draw the distinction between negligence, in the sense of a breach of duty, and actionable negligence, an essential element of which is that the injury has proximately resulted from said breach of duty. It naturally creates the misleading impression that negligence *per se* is actionable.

The failure of a railroad company to give the statutory signals as its train approaches a highway crossing, is unquestionably a breach of its duty, and may loosely, in that sense, be declared negligence as a matter of law; but it cannot be deemed actionable negligence, unless it be shown that such failure, as a proximate cause, produced the collision which resulted in the plaintiff's injury. It would have been more accurate and less calculated to mislead, to have declared that such failure is legally a breach of duty, and then the application of the fundamental rule that the breach of duty must be shown to have been the proximate cause of the injury, would have been easy.

Perhaps the most comprehensive accurate and frequently quoted definition of negligence is that given by Judge Cooley:

"The failure to observe, for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances demand, whereby such other person suffers injury."

It is plainly, therefore, inaccurate to declare that any act is negligence *per se* without the accompanying essential that it proximately produced the injury. "It is accurate to speak of an act forbidden by statute as an actionable wrong only when one shows that he was injured * * * by such an act of another." *Hanscomb v. Goodale,* 81 N. H., 150; 124 A., 458. It may be, as it has over and over been declared, that a traveler approaching a crossing is in duty bound to exercise his senses to avoid a collision with an approaching train. It is as much his duty to observe this precaution, so declared by the decisions of this Court, as if that duty had been imposed upon him by statute. I do not suppose, in view of the provision of the statute that the gross negligence of the traveler will not avail the defendant unless it be shown to have contributed (as a proximate cause) to the collision, that any one would contend that the negligence of the traveler will be presumed to have been the proximate contributing cause of the collision. If not, why indulge in just such a presumption against the railroad company when the expressions of the statute as to each are precisely the same?

The necessary consequence of holding that the failure to give the signals raises a resumption that it was the proximate cause of the collision is, in the absence of evidence on the part of the defendant to permit a recovery by the plaintiff upon proof simply that he was injured by a collision at the crossing and that the signals were not given, without requiring him to show what he alleges, that the failure contributed as a proximate cause to the collision. At the least he should be required to show that he did not know of the train's approach, and that this situation was such that if the signals had been given he would have been notified of it.

In *Drawdy v. Railroad Co.,* 78 S. C., 374; 58 S. E., 984, the Court said:

"The continued statutory signal could not have given Drawdy more complete warning than he had; and, therefore, it was not the failure to give the signal, but the neglect of the deceased to heed the notice he had of the near approach of the train, that was the proximate cause of his death."

So in *Barber v. Railroad Co.,* 34 S. C., 444; 13 S. E., 630, the Court said:

"Now, in this case while there was evidence of negligence in failing to give the statutory signals, which would have made the defendant liable if the disaster had occurred at a public highway or * * * traveled place, provided it had been shown that the injury complained of resulted from such negligence; yet, as we have said, the disaster did not occur at any such place, and if it had, how could it be said that the injury was the result of such negligence, in face of the admitted fact testified to both by the party injured and by his companion, that young Barber knew that the train was not only approaching, but was near at hand, before he started from the fire."

It seems plain from this that the plaintiff assumes the burden of bringing himself within the terms of the statute by proving the essential elements, two of which, in that case, were that the collision occurred at a public highway or traveled place, and that the injury complained of resulted from the failure to give the signals.

So in *Glenn v. Railroad Co.,* 21 S. C., 466, the plaintiff relied for proof of negligence upon the fact that the engine was running without a headlight. A nonsuit was ordered. Upon the ground that although there was evidence of the railroad's breach of duty in this respect, there was none that the breach of duty caused the injury. The Court said:

"To enable the plaintiff to maintain this action, he must not only show negligence on the part of the defendant, but

he must go further and show that the injury complained of was the result of such negligence. Mere proof of negligence on the part of the defendant gives the plaintiff no cause of action, because there is no wrong done to him until it is shown that he has been a sufferer by reason of such negligence."

I cannot see how there can be any difference, so far as proof of the essentials to recovery is concerned, between an action based upon the breach of what the statute declares a duty (and what the Court is authorized to so declare), and an action based upon what the jury may be justified in characterizing as negligence.

In my opinion, the exception raising this question should have been sustained.